WM. W. P. DOW v. THE KANSAS PACIFIC RLY. CO.

1. PLEADING; *Negligence of Railway Company; What Averment Necessary.*
In an action by a brakeman against the railway company for injuries caused through the negligence of the conductor, the petition will be held insufficient on demurrer if it fail to show that the railway company was negligent in employing or retaining the conductor.

2. RAILWAY COMPANY; *Negligence of Agents and Employees.* As to passengers, and generally as to any person not in the employ of the company, the negligence of any agent or servant of the company is the negligence of the company. But as between co-employees, as a conductor and a brakeman running on the same train, the negligence of either is not the negligence of the company, unless the company was negligent in employing or retaining such conductor or brakeman.

*Error from Shawnee District Court.*

THE plaintiff *Dow* filed his petition to recover $25,000 damages alleged to have been sustained by him while in defendant's employ, and in the discharge of his duty as a brakeman on defendant's road in July 1869; that he was such brakeman on a freight train running between Kansas City and Junction City; that said train was in charge of G. C., conductor, also an employee of said defendant, and that said conductor "so carelessly, negligently, and unskillfully conducted the running of said train" that plaintiff, while coupling cars, was greatly bruised, wounded, and mangled, and had his left shoulder and side badly broken and fractured, etc. Defendant demurred. The case was heard at the June Term, 1870. The district court sustained the demurrer, and gave judgment in favor of the *Railway Company* for costs, and *Dow* brings the case here on error.

*A. H. Case,* and *A. L. Williams,* for plaintiff in error. (No copy of their brief has come to the hands of the reporter.)

*E. W. Dennis,* and *John M. McDonald,* for defendant in error, filed an elaborate brief in support of the proposition that "In the absence of neglect in the employment, or knowingly keeping in service, of an incompetent or careless servant, the com-

common master is not liable to one of his servants for injuries sustained through the negligence of a fellow-servant."

Of the text-books, they cited—Shear. & Redf. on Neg., ch. 6; Pierce on Rlys., ch. 12; 2 Greenl. on Ev., § 232*b*, note 2; Pars. Contr., (5th ed.,) 43; Broom's Legal Max., §§ 820, 826.

Of the decisions of the courts of England and Scotland they cited, *Bartonshill Coal Co. v. Reid*, 3 Macq., 266, and same plaintiff *v. McGuire*, id., 306; *Priestly v. Fowler*, 3 Mees. & Wels., 1; *Hutchinson v. York Rly. Co.*, 5 Exch., 343; *Wigmore, v. Jay*, id., 354; *Brown v. Accrington Cotton Co.*, 3 H. & C., 511; *Abraham v. Reynolds*, 5 H. & N., 143; *Wigget v. Fox*, 36 Eng. L. & Eq., 486; *Winterbottom v. Wright*, 10 Mees. & Wels., 109; *Tarrant v. Webb*, 37 Eng. L. & Eq., 281; *Couch v. Steele*, 77 Eng. Com. Law., 402; *Riley v. Baxendale*, 6 H. & N., 444; *Searle v. Lindsay*, 11 C. B. (N. S.) 429; also cases in 71 Eng. Com. Law, 326, 27 Eng. L. & Eq., 30, 5 Best & S., 570, 7 id., 676, and 16 C. B., (N. S.,) 669.

Of the American decisions, they cited *Warner v. Erie Rly. Co.*, 39 N. Y., 468; *C. & I. C. Rly. Co., v. Arnold*, 31 Ind., 182; *Albro v. Agawam Canal Co.*, 6 Cush., 75; *Beaulieu v. Portland Co.*, 48 Me., 291; *Hard v. Vt. & Can. Rly. Co.*, 32 Vt., 473; *Sherman v. Roch. & S. Rly.·Co.*, 17 N. Y., 153; *Caldwell v. Brown*, 53 Penn. St., 453; *O'Connell v. Balt. & O. Rly. Co.*, 20 Md., 115; *McDermott v. Pac. R. R. Co.*, 30 Mo., 115; *Horner v. Ill. Cent. R. Co.*, 15 Ill., 550; *Madison & Ind. Rly. Co. v. Bacon*, 6 Ind., 205; *Brown v. Maxwell*, 6 Hill, 592; and *Moseley v. Chamberlain*, 18 Wis., 700, (expressly overruling *Chamberlain v. Mil. & Miss. R. R. Co.*, 11 Wis., 238, relied on by plaintiff in error.) Besides the case in 11 Wis., 238, (says counsels' brief,) the only decisions relied upon by plaintiff are the *Keary* case, 3 Ohio St., 201, the *Stevens* case, 20 Ohio, 415, the *Collins* case, 2 Duvall (Ky.,) and Judge Miller's charge in the *Hamilton* case in the U. S. Ct. Ct., in this circuit. But Judge Spaulding dissented from the case in 20 Ohio—see his dissenting opinion, 20 Ohio, 438; and the Ohio courts, in the later case of *P., Ft. W. & C. Rly. Co., v. Devinney*, 17 Ohio St., 212, say that, "as now constituted,"

they are "not responsible for the reasoning" on which the earlier decisions were based, "nor are we at all bound to carry out their logic to its ultimate consequences." See also *Manville's* case, 11 Ohio St., 417; *Wetmore's* case, 10 Am. Law Reg., 621; and *Robinson's* case, 4 Bush., (Ky.,) 507.

The Ohio rule, said to have been recognized by Mr. Justice Miller, is based on a fallacy, and is untenable. Conductor and brakeman are emphatically fellow-servants, within the strictest construction of the phrase. They work for a common employer; draw compensation from a common source; they are both engaged in the same department of service, namely, the operating department, and the same special branch thereof, namely, running a train; and with the engineer and fireman, they are daily, hourly, and continually performing under the regulations of their common service, and under signals mutually interchanged, and under circumstances as they momentarily arise, their respective duties, according to their respective express or implied contracts, whereby as far as regards controlling the train, or the actions of each other, one is at one moment the superior in power over the forces in use, and at the next moment another—yet each and all are directing their faculties and exercising their functions to the single common end of handling the train, to lose sight of which on the part of either, would be equally culpable, and might be equally disastrous to themselves and their employer, to their own persons and the property of the public. Above all, conductor and brakeman, as well as all others working a train, or engaged in the operating department, are peculiarly within the test of common employment laid down in *McGuire's* case, 3 Macq., 306. And see the reasoning of Shaw, C. J., in *Farwell v. Boston & W. Rly. Co.*, 4 Metc., 49, which applies with the full force of its admirable logic to the case at bar, and which confutes in advance, almost as effectually as if the issue had been made, the positions which the Ohio rule assumes, and which rule is a heresy engrafted upon her law by mistaken judicial legislation, contrary to reason, to justice, and to public policy.

The opinion of the court was delivered by

VALENTINE, J.: This action was in all probability brought to this court for the mere purpose of obtaining a decision of the question involved therein, for the mere purpose of making it a test case. The plaintiff Dow filed a petition in the district court alleging among other things that the plaintiff was a brakeman on the defendant's railroad, that he was injured through the negligence of the conductor on the same road. He carefully alleged everything necessary to a recovery except that he carefully avoided alleging that the defendant was negligent in employing the conductor, or in retaining him after he was so employed. The defendant demurred to this petition on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and the plaintiff excepted, and without amending his petition and going to trial before a jury he brings the case to this court. The defendant has filed a very able and elaborate brief in this court, citing all the leading authorities on both sides of the question. In fact, it would seem that more solicitude is entertained concerning the *question* involved in the case than concerning *the case itself*. It would seem to be the desire that the decision should be *for the railway company*, more as a precedent for future decisions than for this particular case. But notwithstanding the ability and zeal displayed on the part of the defendant, which would naturally make us cautious, we are inclined to think the great weight of authority if not of reason, is with the defendant. It is probable, however, that both authority and reason are with the defendant. The paramount object of nearly all the rules of law concerning the operation of railroads is security to the person and lives of human beings, and particularly security to the persons of passengers being transported on the trains from one portion of the country to another, and in order to insure this security the railroad companies are held to the strictest accountability with regard to passengers. They must use the utmost care and skill within the scope of human foresight or human knowledge practicable.

They are liable to passengers for the slightest negligence on the part of their agents or servants. But this is not all. A rule must be adopted that will insure the most skillful and trustworthy agents and servants. It is always greatly to the interest of the company to employ none but the most skillful and trustworthy, first, because of their great liability to passengers for the negligence of their servants and agents, and second, because, if the company do not use proper diligence in employing skillful and trustworthy servants and agents the company will be liable for the negligence of such servants and agents to other servants and agents. But it is also the policy of the law to make it to the interest of every servant or agent of the railroad company to see that every other servant or agent of the company is competent and trustworthy. This may be done by making it to the interest of every employee of the railway company to inform the company of every act of any other employee showing a want of skill, care or competency. The employees of the railway company have the best opportunities of knowing the competency and trustworthiness of the other employees of such company; and if they do not think the other employees are competent or careful, let them either inform the company, so that the incompetent or negligent employees may be discharged, or themselves quit the service of the company. Who can know better whether a conductor of a railroad train is competent and trustworthy than the brakeman on the same train? And if he is willing to work with a conductor that is not competent or trustworthy, without informing the railway company of the same, let him bear the consequences. If he is willing to work with such a conductor where the lives of many human beings are imperiled every day, and not inform the company, he deserves punishment. If the company be informed of the incompetency or untrustworthiness of its conductor it will then be liable for any injuries to the other employees subsequently caused by its negligence. Let every employee then take this precautionary measure, and then if the company employ or retain an incompetent person after being so informed it will be liable for all

the consequences. Of course every company must desire to know whether their employees are competent and trustworthy or not.

As to passengers, and generally as to any person not in the employ of the company, the negligence of any agent or servant of the company is the negligence of the company. As to such persons even the negligence of the brakeman is the negligence of the company. But as between co-employees no one is peculiarly the representative of the company more than another, except perhaps the higher officers whose duty it is to employ and discharge the other employees, aad therefore as between co-employees the negligence of none but the higher officers aforesaid is the negligence of the company. If such higher officers are not careful and diligent in employing and discharging or retaining the other employees then the company is responsible to the other employees for the negligence of such employees as have been employed or retained without proper care. The decision of the court below must be affirmed.

All the Justices concurring.