IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

JANUARY TERM, 1872, AT JEFFERSON CITY.

---

ANN M. MOSS, Plaintiff in Error, *v.* THE PACIFIC RAILROAD, Defendant in Error.

49 167
150 197

1. *Damages — Railroad — Negligence — Selection of employee, care used in — Pleadings.*— A master is bound to use due care and diligence in the selection and employment of his agents and servants, and for want of such care is responsible to all other servants for any damage that may arise. But in such case his responsibility is for his own negligence, and not merely for that of his servants. Hence an action against a railroad company for the killing of an employee by a co-employee, which charges that defendant failed to employ skillful servants, but fails to allege want of care and diligence in the selection of servants, is bad on demurrer. If the officers have made careful inquiry into the habits and competency of the employees, and upon such inquiry believe and have reason to believe them sober, competent and careful, they are not liable for the injuries resulting from the negligence of the co-employee.

And the mere allegation that defendant allowed its employees to neglect their duties, without alleging how or wherein, is not sufficient to charge liability on the company.

### Error to Cole Circuit Court.

*J. N. Litton*, for defendant in error.

I. The second count is demurrable under the third section of the damage act (Wagn. Stat. 520). Unless the master was guilty of

the lack of ordinary care in the selection of servants, he is not liable. (McDermott v. Pacific R.R., 30 Mo. 115; Rohback v. Pacific R.R., 43 Mo. 187; Gibson v. Pacific R.R., 46 Mo. 169; Warner v. Erie, 39 N. Y. 468; P. & Ft. W. R.R. v. Devereaux, 17 Ohio, 197.) The plaintiff clearly intended to charge defendant with personal negligence in this, that it did not use ordinary care and diligence in the selection of its servants, but has failed to do so. Negligence cannot be charged by inference, but must be by direct, positive and traversable averment — by declarations that directly tender to defendant an issue on negligence, the gist of the action — otherwise it is bad on demurrer. (Brown v. Harmon, 21 Barb., N. Y., 508; 10 Minn. 71; Griggs v. Upham, 9 Minn. 246; P. & C. R.R. v. Kelly, 23 Ind. 133; 10 Allen, Mass., 301; Atwood v. Caswell, 19 Pick. 495; Buffalo v. Holloway, 7 N. Y. 498.)

II. It is stated that defendant authorized and allowed its servants to neglect their "duties." This word is a mere nullity. The pleader must state what duties, whether duties to defendant, duties imposed upon every man alike by the law of the land, or duties imposed by christianity and morality. Judging from the pleading, it is the latter duties to which the pleader refers. This is entirely insufficient. (Buffalo v. Holloway, *supra;* 2 Duer, N. Y., 678; 43 Mo. 546; 37 Mo. 330; Ticknor v. Voorhies, 46 Mo. 110.) It is a mere conclusion of law or of the pleader, no allegation of fact. (Anderson v. Jaccard, 32 Mo. 188; Stearns v. Stearns' Adm'r, 30 Verm. 216; 3 Gray, Mass., 484.)

*H. Flanagan* and *G. T. White,* for plaintiff in error.

BLISS, Judge, delivered the opinion of the court.

A minor son of the plaintiff was killed while in defendant's employ, and she brings this action under the act concerning damages, etc. (Gen. Stat. 1865, ch. 147; Wagn. Stat. 519.) The petition contains three counts, but it is unnecessary to consider the first, inasmuch as a motion to make it more definite was affirmed by consent, and the plaintiff, instead of amending, took a voluntary nonsuit as to this count.

The second count alleges, in substance, that it was defendant's duty to employ careful and skillful servants in running its trains; that defendant failed to do this, by reason of which, while aiding in running the train, the plaintiff's minor son, in defendant's employ, was wounded and disabled, and for many hours was exposed to the cold upon the road, through the incompetence and want of care of such servants, and not by his own negligence, from which he died.

The third count substantially charges that plaintiff's minor son, being in the employ of defendant upon a freight train, as one of its servants, was so injured by falling from the train and exposure to the cold as to cause death; that this was caused by defendant's allowing its employees to neglect their duties, and to suffer and cause deceased to be thrown from the train, by which he was injured and suffered to remain in the cold a long time, when he could have been removed, and not by his own fault, etc.

No objection was made to the statement of the same cause of action in different counts, but a demurrer was sustained as to the second and third, and judgment entered upon the demurrer, to reverse which the plaintiff has sued out his writ of error.

The pleader has attempted to base these counts upon the third section of the act, which provides that a cause of action which arises from personal injuries shall survive, notwithstanding the death of the injured party, if it be caused by the injury. We have then only to inquire whether these counts would show a liability to the plaintiff's son at common law, for the pleader does not attempt to bring the defendant within the liability created by the second section of the statute.

That the master is not liable to one of his own servants for the negligence of other servants is conceded. But the pleader attempts in the second count to charge negligence in their employment. Had he done so the pleading would have been good, for the master is under obligation to use due care and diligence in the selection and employment of his agents and servants, and for want of such care is responsible to all other servants for any damage that may thence arise. (Harper v. Ind. & St. Louis R.R. Co., 47 Mo. 567.) In such case the

responsibility is not for the negligence merely of his servants, but for his own., This count, however, fails to make any such charge. The plaintiff alleges that it was defendant's duty to employ careful and skillful servants, etc., but that it failed to do so, but he does not charge any want of care and diligence in the performance of this duty.

Railroad companies and other carriers of passengers, as to such passengers, are held to insure the care and diligence of their servants. As between them and the carrier, there is a contract which is violated by any want of care on the part of its employees, and a railroad company is just as responsible if its officers have taken extraordinary pains in their selection as though wholly reckless in that regard. But as to its servants there is no such contract, and hence there is no guaranty of their care and diligence .toward each other. The company is only liable, as all are liable, for its own want of care.

The pleader evades the real question and tenders an immaterial issue. It is the duty of defendant's officers to employ proper servants, but the duty is not an absolute one. If they make careful inquiry into the habits and competency of the men employed, and upon such inquiry believe and have reason to believe them sober, competent, and careful, they can do no more ; they have honestly and faithfully endeavored to do their duty, and there is no contract for anything more. Hence the pleader should have charged a want of care and diligence in the selection of defendant's servants, and not a failure merely to select those who were competent, for such failure may be consistent with proper care.

In the third count the injury is said to have been caused by defendant's allowing its employees to neglect their duties. How? Wherein? Did the company give directions to its conductors or brakemen, the observance of which would tend to throw other employees from the train, or prevent it from being stopped to pick them up? Was there any extraordinary rule or regulation inconsistent with the plaintiff's safety? Or was there habitual or even occasional neglect of duty, which, coming to the knowledge of the company's managers, was actually or tacitly approved

by them, and by which approval such neglect may be said to have been allowed? No fact is stated, but an inference merely; no ground for that inference is given, and the pleading is too loose to charge anything.

The whole argument of plaintiff's counsel is outside the pleadings. In considering the company's liability as charged, we might well say that it was the conductor's duty to stop the train and pick up one who had fallen — that it would be an inexcusable act of inhumanity not to do so — and still not hold the company responsible.

If there was any liability it was under the second section of the statute, which creates a special one; but the first count, based upon that section, was, as we have seen, abandoned, and the counts considered, fail in the allegations necessary to bring the case under it; nor does there seem to have been any attempt to do so, but only to charge a liability outside of this section.

The other judges concurring, the judgment will be affirmed.