## MAURICE LAWLER *vs.* ANDROSCOGGIN RAILROAD COMPANY.

*Liability of master for injury to servant.*

The rule that a servant, who is injured by the negligence or misconduct of his fellow-servant, cannot maintain an action against his master for such injury, is not altered by the fact that the servant guilty of negligence is a servant of superior authority whose lawful directions the other is bound to obey.

The master of men employed in dangerous occupations is bound to provide for their safety, and this obligation extends alike to the providing of good and sufficient machinery, and to the procuring skilled and judicious workmen by whom it is to be controlled.

When the servant injured seeks to hold the master for negligence in failing to procure suitable and proper servants, by whose incompetency the injury was caused, the charge of negligence should be distinctly set forth in an appropriate count.

ON EXCEPTIONS.

·This was an action on the case for injuries received while employed by the defendant corporation in repairing its track-bed under the supervision of its road-master. The defendants filed a demurrer which was sustained, and the plaintiff excepted. The declaration was as follows:

"For that the said defendants, at Lewiston, on the third day of January, A. D., 1870, were the owners of a certain railroad running through the city of Lewiston and then out of repair at a certain point in said city of Lewiston, by reason of the washing out of a culvert upon the line of said road, whereby an excavation had been made under the bank upon one side of the said culvert, leaving the top of said bank, consisting of a large mass of stone, gravel and frozen earth, overhanging said excavation, and rendering it very dangerous and perilous to laborers making repairs therein; and the plaintiff, being then and there a laborer employed upon said road, and to assist in repairing the culvert aforesaid, being ignorant of the dangerous condition of said embankment, and in

the exercise of due care and diligence, then and there went into the said excavation for the purpose of repairing the said culvert at the request and direction of one Wagg, the road master upon said road, he, the said Wagg, as well as the superintendent upon said road, to wit, one Brown, well knowing the dangerous condition of the embankment aforesaid; yet, nevertheless and notwithstanding the premises aforesaid, the said railroad company, acting by their agent and road-master aforesaid, then and there did wantonly and wilfully permit, request, order and direct the plaintiff to go into said excavation and to work therein; and the plaintiff being and working therein at their request as aforesaid, the said company, by their agent and road master aforesaid, did so carelessly and negligently manage and conduct, supervise and control the making of said repairs upon said culvert, that the said overhanging bank, consisting of a large mass of stone, gravel and frozen earth, then and there broke off from the main embankment and fell into the said excavation where the plaintiff was working as aforesaid, falling upon the plaintiff and throwing him with much violence against a large stick of timber there lying, breaking both of the plaintiff's legs, crushing, bruising and otherwise injuring the plaintiff, so that he is, by reason of said breaking, crushing, bruising and other injuries, then and there sustained, wholly disabled for the remainder of his life, and hath been put to great pain, suffering and expense."

*Bradbury & Bradbury* and *Record & Hutchinson*, for plaintiff.

It is unnecessary to set out in the declaration that the defendants were in fault in employing an unsuitable man to superintend the repairs of the road. A declaration alleging negligence generally is sufficient. Hilliard on Remedies for Torts, 227; *Indianapolis v. Keiley*, 23 Ind., 133; *Chicago v. Carter*, 20 Ill., 370.

A master is liable if his own negligence was the proximate cause of an injury to his servant, though the acts of a fellow servant contributed to produce the result. Shearman & Redfield on

Neg., 113, § 87, and cases there cited. The roadmaster was acting for and represented the defendants. *Pro hac vice,* he was the railroad. A corporation can only act by its servants. *Goddard v. Grand Trunk Railway,* 57 Maine, 223.

The superintendent and road master, with power to employ and discharge hands, are not fellow servants with the laborers they hire. Shearman & Redfield on Neg., 127, § 102.

*Frye, Cotton & White,* for defendants.

A servant can only recover of his master for an injury when it was caused by the direct act of the master, or by his negligence in hiring an incompetent person to carry on the work, through whose incompetency the accident occurs. Therefore such negligence must be stated in the declaration or it will be bad on demurrer. Schouler on Dom. Rel., 642; Shearman & Redfield on Neg., § 90; Redfield on Railways, 518, § 131; 2 Hilliard on Torts, 470, § 25; *Carle v. B. & P. C. & R. R. Co.,* 43 Maine, 270; *Buzzell v. Laconia Co.,* 48 Maine, 113; *Beaulieu v. Portland Co.,* 48 Maine, 295; *Hayes v. Western R. R. Co.,* 3 Cush., 270; *Albro v. Agawam Co.,* 6 Cush., 75; *King v. B. & W. R. R. Co.,* 9 Cush., 112; *Gilshannon v. Stony Brook R. R. Co.,* 10 Cush., 228; *Seaver v. B. & M. R. R.,* 14 Gray, 466, and many other cases. It makes no difference whether the servants are of the same grade or not. 48 Maine, 295.

APPLETON, C. J. It is well settled in this State that a servant who is injured by the negligence or misconduct of his fellow servant, cannot maintain an action against his master for such injury. *Carle v. B. & P. C. & R. R. Co.,* 43 Maine, 269; *Beaulieu v. Portland Co.,* 48 Maine, 291. "The rule," observes Earle, C. J., in *Tunney v. Midland Railway Co.,* Law Rep., 1 C. B. 291, "has been settled by a series of decisions beginning with *Priestly v. Fowler,* 3 M. & W., 1, and ending with *Morgan v. Vale of Neath Railway,* Law Rep., 1 Q. B., 148, that a servant, when he engages to serve a master, undertakes, as between himself and his master, to run all the ordinary risks of the service, includ-

ing the negligence of his fellow-servants." This is pretty uni-
versally recognized as law in the decisions of the courts of the
different States in this country.

Nor is the law held differently when the employee causing the
injury is engaged in a different department of the same general
service or exercising a higher grade of authority. In *Feltham v.
England*, Law Rep., 2 Q. B., 33, it was argued that the foreman,
by whose negligence the injury occurred, should be deemed as the
"*alter ego*" of the master and not as the fellow-servant of the
party injured, but the court held otherwise. "We think," remarks
Mellor, J., "that the foreman or manager was not, in the sense
contended for, the representative of the master. The master still
retained the control of the establishment, and there was nothing
to show that the manager or foreman was other than a fellow-
servant of the plaintiff, although he was a servant having greater
authority. As was said by Willes, J., in *Gallager v. Piper*, 33
L. J., C. P., 335, 'a foreman is a servant as much as the other ser-
vants whose work he superintends.'" This was held to be the
law of this State in *Beaulieu v. Portland Co.*, 48 Maine, 295;
and in Massachusetts in *Gilshannon v. Stony Brook R. R.*, 10
Cush., 228; in Vermont in *Hurd, adm., v. V. C. R. R. Co.*,
32 Vermont, 473.

The master is liable for the consequences of negligence in the
selection of his servants. The gist of the action is negligence.
It is the duty of the master to select fit and competent servants.
Negligence exists when the master fails to do his best to accom-
plish this. *Gilman v. Eastern R. R.*, 10 Allen, 238; *Warner
v. Erie R. R.*, 39 N. Y., 468. Where the servant attempts to
hold the master for his negligence in procuring suitable servants,
the charge of negligence should be duly alleged in an appropriate
count. *Harper v. Ind. & St. Louis R. R. Co.*, 47 Mo., 567;
*Moss v. Pacific R. R.*, 49 Mo., 167.

The master of men in dangerous occupations is bound to provide
for their safety and this obligation extends equally to the provid-
ing good and sufficient machinery and to the procuring skilled and

judicious men by whom it is to be controlled. *Coombs v. New Bedford Cordage Co.*, 102 Mass., 572; *Fitch v. Allen*, 98 Mass., 573. When a master employs a servant on a work of a dangerous character, he is bound to all reasonable precautions for the safety of his workmen. *Patterson v. Wallace*, 1 Macq. R., 757. And that they be not exposed to unreasonable risks. *Noyes v. Smith*, 28 Vermont, 29. But the negligence of a fellow servant is regarded as an ordinary risk. *Brydon v. Stewart*, 2 Macq. R., 30.

The declaration alleges that a culvert being out of repair and in a dangerous condition and the plaintiff being employed to repair the same, he, being ignorant of its dangerous condition, of which the defendants, or their servants, were well aware, the defendants "by their agent and road master did so carelessly and negligently manage and conduct, supervise and control the making of said repairs upon said culvert," that the plaintiff was grievously injured. The careless and negligent management of the defendants' servants is the only cause of the injury set forth. There is no allegation of negligence on the part of the defendants in selecting incompetent servants, nor is it alleged that the dangerous condition of the culvert was the cause of the injury.

*Exceptions overruled.*

WALTON, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.