Murphy v. The St. Louis & Iron Mountain Railroad Company.

MURPHY v. THE ST. LOUIS & IRON MOUNTAIN RAILROAD COMPANY, *Appellant.*

**Master and Servant**: PERSONAL INJURY THROUGH INCOMPETENCY OF FELLOW SERVANT: BURDEN OF PROOF. Proof that a servant was incompetent does not devolve upon his master when sued for injuries occurring to a fellow servant through such incompetency, the burden of proving that the master used ordinary care and prudence in the selection of the servant.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Thoroughman & Warren* for appellant.

*P. E. Bland* for respondent.

HOUGH, J.—The plaintiff, who was engineer of a passenger train on the defendant's road, was injured by reason of a collision with a freight train, of which one E. W. Evans was conductor. The petition alleged, among other causes of the injury, that said conductor was incompetent; that the collision resulted from his incompetency, and that the defendant was guilty of negligence in employing him. These allegations were denied by the answer. The testimony was conflicting. The jury were instructed that the burden of proof was on the plaintiff to establish the unfitness and incompetency of the conductor, Evans, and that the injury complained of resulted from his unfitness and incompetency, but that the burden was on the defendant to establish that it used ordinary care and prudence in the selection and appointment of said Evans, as conductor. The court erred in thus instructing the jury. The mere fact of the incompetency of a servant for the work upon which he was employed is not enough to warrant a jury in finding the master guilty of negligence in employing him. Shearman & Redfield on Negligence, § 91; *Moss v. P. R. R.,* 49 Mo. 169; *Elliott v. St. L. & I. M. R. R.,* 67 Mo. 272.

It is true that the testimony by which the incompetency of a servant is established may be such as to warrant the inference that the master had notice of his incompetency, or that he omitted to make such inquiries as common prudence would have dictated, and thus failed to exercise ordinary care in selecting him; but such inference is one of fact to be drawn by the jury under proper instructions from the court.

We cannot say from the record before us that the jury has ever found that the defendant was guilty of negligence in employing Evans. It is true they were told in the first instruction given for the plaintiff that there could be no recovery unless the defendant was negligent in employing him, but they were also told that if the conductor was incompetent, that was sufficient evidence that the master was guilty of negligence in employing him.

It will not do for an appellate court to permit a judgment to stand when all the facts necessary to a recovery have not been found, simply for the reason that there was testimony from which they might have been found.

The judgment of the court of appeals and that of the circuit court will be reversed and the cause remanded for a new trial. All concur.