MID-CONTINENT PETROLEUM CORPORATION v. FLEMING.

No. 32144. March 26, 1946.

167 P. 2d 366.

R. H. Wills, J. H. Crocker, J. P. Greve, J. H. Woodard, Oscar E. Swan, Jr., and Ben Hatcher, all of Tulsa, for plaintiff in error.

John T. Levergood, F. H. Reily, and Joe H. Reily, all of Shawnee, for defendant in error.

PER CURIAM. This is an action brought by William Otis Fleming, Jr., against the Mid-Continent Petroleum Corporation to recover damage for alleged personal injuries sustained by him while in the employ of defendant. His action is based on the theory that the injury was caused by the negligence of Elbert Pickerel, who was also an employee of defendant; that he and Pickerel were both working at the filling station of defendant; that after servicing an automobile he spilled gasoline on his trouser leg; that he thereafter entered the filling station and Pickerel struck a match thereby setting him afire; that Pickerel was an inexperienced, untrained and incompetent employee; that the defendant was guilty of negligence in employing him and in failing to instruct him as to the inflammability of gasoline.

Defendant's answer consisted of a general denial and affirmative defense that Pickerel was skilled and experienced in the operation of filling stations and all activity connected therewith; that he had been properly instructed as to how to operate the filling station, including the hazards from fire. It further defended on the ground that the accident was caused solely because of the negligence of plaintiff; that plaintiff entered the filling station while his clothing was wet from gasoline, backed up against a gasoline stove which was then lighted and burning, and that his clothing ignited from the flame of the burning stove.

The trial resulted in a verdict in favor of plaintiff in the sum of $750. Defendant has appealed and relies for reversal on the insufficiency of the evidence to sustain the verdict and alleged error of the trial court in overruling its motion for a directed verdict.

The evidence discloses that plaintiff had been employed by defendant at its filling station in the city of Shawnee; that his duties required him to fill automobile tanks and other vehicles with gasoline and do all necessary work in connection with the servicing of motor vehicles. At the time he was employed Elbert Pickerel was also working at the filling station as an employee of defendant; that on December 24, 1943, while in the act of filling an automobile tank with gasoline, he spilled some gasoline on the leg of his trousers; that he thereafter entered the filling station and as he entered Pickerel struck a match, thereby setting him on fire. Plaintiff also testified that as he entered the filling station he observed a sailor and Pickerel drinking whiskey; that while Pickerel was not drunk he appeared to be somewhat intoxicated. Plaintiff, however, failed to offer any evidence tending to show that Pickerel was in the habit of drinking in and about the filling station or that defendant had any knowledge that he had been drinking or was in the habit of drinking. Plaintiff testified that he was employed by Mr. Fitzgerald, who was manager of the filling station; that Fitzgerald did not instruct him as to the inflammable character of gasoline. He, however, testified that he knew and was fully aware that gasoline was inflammable and that it would ignite and burn when coming in contact with fire.

Plaintiff offered no evidence tending to sustain the allegations of his petition that Pickerel was an untrained, inexperienced, and incompetent employee; that defendant had knowledge of such incompetency and inexperience and that it retained him in its employ after having received such knowledge; nor was there any evidence offered by plaintiff that Pickerel was not properly instructed as to the inflammable character of gasoline. No evidence of any kind or character was offered by plaintiff tending to show that defendant was in any manner guilty of negligence in employing Pickerel. This omission in the evidence was not supplied by any evidence offered by defendant. The evidence offered by defendant clearly shows the contrary. The evidence offered on its behalf is to the effect that Pickerel was a careful, competent, and efficient servant; that he was properly instructed as to his duties and warned not to smoke, strike matches, or burn trash close to the station; that he knew and understood the duties he was hired to perform and knew the dangerous character of gasoline; knew that it would explode and ignite when coming in contact with fire. Pickerel in his testimony denied that he had struck a match and set fire to plaintiff's clothing, as testified by him; but testified that the accident was caused by plaintiff backing up against a gasoline stove which was then lighted and burning and that his clothing was thereby ignited. He also testified that he was not intoxicated, that he had not taken a drink that day. This, in substance, constitutes the evidence offered in the case. It is wholly insufficient to show that defendant was guilty as alleged in plaintiff's petition.

Plaintiff, undoubtedly realizing the

weakness of his position in this respect, in his brief asserts that the case was tried mainly on the theory that Pickerel was a vice principal and that defendant was therefore liable for his negligent acts. The record does not sustain this contention. Plaintiff does not allege in his petition that Pickerel was a vice principal, but on the contrary he alleges that he was a fellow employee of plaintiff. This theory, as far as the record discloses, was never presented or suggested to the trial court, but on the contrary the case was tried on the very theory set forth by plaintiff in his petition. It is apparent that such theory is a mere afterthought on the part of counsel.

The evidence clearly discloses that Pickerel was employed as a driveway salesman to service automobiles and do such work as is ordinarily done by an employee in and about a filling station. He was employed to do the same kind and character of work as plaintiff. He was given no authority to manage or in any manner control the business, nor to direct other employees as to the manner in which the work should be performed. Nor does the evidence tend to show that he ever assumed to act in such capacity. All the orders and directions as to the conduct of business came from Mr. Fitzgerald, who, the evidence shows, was the manager of the business.

Under the evidence in this case the fellow servant doctrine clearly applies. Plaintiff and Pickerel were fellow servants. The evidence wholly fails to show that defendant was guilty of negligence in employing Pickerel. It is therefore not liable for any injury that plaintiff may have received resulting from his negligence. Singer Sewing Machine Co. v. Odom, 172 Okla. 411, 45 P. 2d 473; Kanotex Refining Co. v. Bonifield, 74 Okla. 304, 183 P. 971. The trial court should have sustained defendant's motion for a directed verdict.

The judgment is reversed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.