The OKLAHOMA TIRE & SUPPLY COMPANY, a Corporation, and Grady Chronister, Plaintiffs in Error,

v.

Sadie ROLAND, Defendant in Error.

No. 37629.

Supreme Court of Oklahoma.

Oct. 14, 1958.

store where accident occurred; that they were negligent in not providing proper lighting and permitting a broken step to exist on stairway. That when the plaintiff reached approximately the fifth step from the bottom, Ibrey Bookout, a fellow servant of the same employer, who was following her, turned off the light. That at that instant plaintiff tripped on the broken fifth step and fell.

The evidence reveals that there was a cracked place in one of the boards on the fifth step from the bottom of the stairway. The evidence is conflicting as to whether this crack caused the step to give when stepped on. The evidence reveals that lighting condition was not good along the stairway when the light at the head of the stairway was not burning. The only testimony concerning the cause of the fall was that of the plaintiff. She testified:

"I got about half way down, and I fell.

"Q. Do you know what step you were on at the time you fell? A. About the fifth or sixth.

"Q. Can you tell the jury, please ma'am, as to whether or not the turning out of the light caused or contributed to the cause of your fall? A. Well, when I stepped on that step, it give; and I fell. And I really don't know if the lights caused it or not.

"Q. Well, did the turning out the light have anything to do with your falling? A. Well, it could have."

In the case of Stout v. Schell, 206 Okl. 153, 241 P.2d 1109, 1114, this court held:

"Where the common law doctrine of fellow servants has not been abrogated or modified, the master is not liable for injury to a servant resulting from the negligence of a fellow servant, in the absence of a showing that the master failed to exercise reasonable care in selecting, employing or retaining such servant."

See, also, Patrick's, Inc., v. Mosseriano, Okl., 292 P.2d 1003, and Mid-Continent

D. F. Rainey and John Barksdale, Okmulgee, for plaintiffs in error.

Bailey & Pitchford, by J. I. Pitchford, II, Okmulgee, for defendant in error.

WELCH, Chief Justice.

The plaintiffs in error argue the case under four propositions: The first proposition urged is that the trial court erred in failing to instruct the jury on the fellow servant doctrine and in giving the following instruction, to-wit:

"You are instructed that an agent is a person who is appointed by another to do some work, or conduct some transaction for another. When such agent is acting under the scope of authority given him by his principal the principal is bound and liable for the acts of said agent."

The record reveals that plaintiff, Sadie Roland, filed this action in the lower court against her employer, The Oklahoma Tire & Supply Company, a corporation, and Grady Chronister, alleging that Grady Chronister was the agent of Oklahoma Tire & Supply Company as manager of the

Petroleum Corp. v. Fleming, 196 Okl. 605, 167 P.2d 366.

In the Stout v. Schell, supra, case a suit was filed by one servant against his master for damages for personal injuries sustained as the result of an accident caused by another servant wrecking a truck. It was claimed in this case that master was negligent in that water hose and anti-freeze hose was defective and worn out; that truck was old and dilapidated; that hose burst and ran water onto hot motor, causing steam to come into cab of truck and prevented driver from seeing where he was going. Trial court held herein that these parties were fellow servants and sustained a demurrer to evidence. This court sustained the lower court.

In the case before us we find from the record that the plaintiff and Ibrey Bookout were fellow servants. It further reveals that this stairway had been used by the plaintiff and other employees upon numerous occasions prior to this accident. That the accident could have been caused by the fellow servant turning out the light is admitted by the defendant in error.

We are of the opinion that there was sufficient evidence that accident could have been caused by the negligence of a fellow servant for the trial court to have instructed the jury as to the law applicable.

In view of the fact that the instruction as to agency was given by trial court in the absence of any instruction on the fellow servant doctrine, we are of the opinion that said instruction could have been misleading to the jury. It could easily have been deduced by jury that court in the instruction given was referring to Ibrey Bookout, as an agent of defendant, instead of Chronister, co-defendant below.

We are therefore of the opinion, and so hold, that the trial court was in error in failing to properly instruct the jury as to the fellow servant doctrine.

In view of the above conclusion, we do not deem it necessary to consider other propositions presented.

The cause is reversed and remanded, with instructions to proceed in accordance with the views expressed herein.

DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.