# SOUTHERN DEPARTMENT.

## EASTERN DIVISION.

### EDNA JONES v. SCHOOL DISTRICT No. 144, ELK COUNTY.

#### No. 234.

1. POWERS OF SCHOOL BOARD — *Employment of Teacher.* The powers conferred by law upon the electors at an annual school-district meeting are inconsistent with the existence of authority in the school board of a district to enter into a binding contract prior to the meeting for the employment of a teacher for a term commencing after such meeting.

2. ———— *Contract — Ratification by New Board.* Where the petition alleged that the school board of the district, prior to the annual school meeting thereof, had employed the plaintiff, a legally qualified teacher, under a written contract to teach for a term of eight months, commencing after the said annual meeting; that the new board thereafter met and recognized, by their acts, the existing contract with plaintiff; that plaintiff, pursuant to the terms of the contract and with the full knowledge and consent of the school board, taught in the school for more than two months, for which she received her wages each month according to the terms of the contract; that plaintiff was then discharged by the school board, without just cause or excuse, and was not permitted any longer to teach in said school; that thereby she lost all opportunity to obtain a school and suffered a loss of wages in the sum for which she asks judgment: *Held,* That the said contract became binding upon the district board by its adoption and ratification thereof.

Error from Elk district court; A. M. JACKSON, judge. Opinion filed January 18, 1898. Reversed.

*R. B. Jones,* and *B. A. Derthick,* for plaintiff in error.

*John Marshall,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : Edna Jones brings these proceedings in error to review the ruling of the district court of Elk county, sustaining the defendant's demurrer to her petition. The petition alleged that on July 22, 1891, the plaintiff, being then and ever since duly qualified as a school-teacher, entered into a written contract in due form with the school board of the defendant district to teach one of the four departments of defendant's school for the ensuing term of eight months, beginning September 7, 1891, at forty dollars per month; that on the 30th day of July, 1891, the annual meeting of said district was held, and that the electors then voted that female teachers should be employed, but did not take action on any other proposition; that after said school meeting the district board met, and, with full knowledge of the existence of plaintiff's contract, employed two female teachers, who, with plaintiff and another lady who had also been employed prior to said annual meeting, constituted the corps of teachers when school opened on September 7, 1891, for the term; that pursuant to the terms of said written contract, and with the full knoweledge and consent of the school board, plaintiff taught in said schools for nine weeks, and was then, without just cause or excuse, discharged by said school board and not permitted to teach any longer; that plaintiff was paid by said board according to the terms of said contract at the end of the first and second months she so taught, and that by the unwarranted act of the district board in so discharging her, plaintiff lost all opportunity of obtaining a school, and thereby suffered a loss of wages equal to the amount stated in said contract. She prayed for judgment for the entire amount of her wages.

Counsel for plaintiff in error maintain that the contract when made was valid, and cite numerous decisions which seem to sustain this position. We find that the courts are divided on the propositions here involved. We have examined the cases cited, and other cases, which hold that a district-school board may bind its successor by a contract with a teacher,

1. Teacher's contract made before annual meeting not binding.

but we have discovered such a distinction between the statutes of the states whose courts so declare and those of our own state that we do not feel warranted in following these decisions. Under our laws, the electors at an annual school meeting possess powers, the existence of which is inconsistent with the doctrine which counsel advance, and which some of the courts have adopted.

We now turn to another phase of the case. Plaintiff alleges that she taught under this contract for nine weeks and was twice paid as provided, for therein; that the new board elected but two of the four teachers necessary, and that the plaintiff and another

2. Teacher's contract ratified.

teacher were teaching under the contracts made with the board prior to the annual school meeting; that the electors at the annual meeting knew that plaintiff had been employed to teach for the ensuing term, and assented to such employment, and did not limit the power of the board except as to the sex of the teachers. It is evident that the contract set forth in plaintiff's petition is the basis upon which she taught, and that she was recognized and paid as a teacher by said board. Not being advised to the contrary, we presume that only one new member of the board was elected at the annual meeting. The contract bore the signature of two members of the new board. It was within the power of the two members at a regularly called meeting of the board, to adopt and ratify the plain-

tiff's contract.    If the board, with full knowledge
that the contract was in existence, recognized and
paid plaintiff as a teacher according to the terms of
the contract, did it not thus adopt that contract and
make it fully binding upon itself and the defendant
district ?    In the case of *Hull v. Ind. Dist. Aplington*,
82 Iowa, 686, it appears that a board of directors had
by resolution authorized its president to employ teach-
ers, subject to the approval of the board.    The presi-
dent entered into a written contract with the plaintiff,
Hull, by the terms of which she was to teach in the
school for a period of nine months from August 29,
1887.    On that day she began to teach the school, and
continued to teach it until September 13, 1887, when
she was notified that another teacher had been em-
ployed in her place and that she should no longer teach.
On September 24, 1887, the board of directors met and
voted that the aforesaid contract be not approved, sev-
eral reasons being given, one of them being that the
contract had never been approved by the board.    The
supreme court declared that the board, under the
facts stated, must be presumed to have adopted the
contract its president had made.    The case of *Athearn
v. Ind. Dist. Millersburg*, 33 Iowa, 105, is almost iden-
tical with the case at bar.    Having taught for part of
the term named in the contract, the teacher was dis-
charged without just cause.    There, as here, the
plaintiff was paid for the time he actually taught un-
der the contract.    The board's answer denied that the
contract was made under proper authority.    The su-
preme court used this language :

"But if we concede that the contract was executed
without authority upon the part of defendant's offi-
cers, it has, nevertheless, been ratified by defendant,
and thereby became a binding instrument.    Corpora-
tions may ratify contracts made without their author-

ity, and thus become bound thereby, like natural persons ; the same rule of law being applicable to each. . . . Performance of a contract, permission to the party with whom the corporation contracts to perform, the acceptance of the performance or the fruits of the performance by the corporation, acquiescence in the contract, payment to the other party and the like all operate as acts of ratification.'' See the cases there cited, and *Cook v. Ind. School Dist. North McGregor*, 40 Iowa, 444.

The contract in question, if valid when made, was entire ; if it became operative by adoption it was likewise entire. The petition alleges that plaintiff was discharged without just cause or excuse. We think she is entitled to have the question raised decided on a trial of the case upon its merits. The judgment of the district court is reversed, and the case remanded with instructions to overrule the demurrer to plaintiff's petition.