Riner Lumber Company v. O'Dwyer & Ahern Company.

Opinion delivered July 11, 1910.

Mortgages—confirmation of sale by mortgagor—consideration.—The fact that a mortgagee approved of or confirmed a previous sale by the mortgagor of part of the mortgaged property was not binding if such approval or confirmation was made without consideration.

Appeal from Miller Circuit Court; *Jacob M. Carter*, Judge; reversed.

*James D. Head* and *Jeff T. Cowling,* for appellant.

Unless appellant has released or waived its lien, appellee is liable. 89 Ark. 342. A release must be based on a consideration. 96 Ala. 454; 31 Ark. 728; 84 Ark. 592. A waiver must either be supported by a valuable consideration or operate by way of estoppel. 72 Ark. 525. A ratification must be with full knowledge of all the circumstances. 70 N. J. L. 808; 64 Conn. 554; 55 Ark. 423. Appellant's conduct did not mislead any one; he is therefore not bound by estoppel. 12 Lea 672; 96 Mich. 113; 55 N. W. 661; 89 Ark. 342; 36 Ark. 96; 82 Ark. 367. There was no question to submit to the jury. 63 Ark. 477; 77 Ark. 290.

*William H. Arnold,* for appellee.

Appellant is bound by ratification. 80 Ark. 366; 66 Ark. 209; 74 Ark. 393. No new consideration is required to support the ratification. 8 Wall. 267; 44 Ark. 74; 80 Ark. 300; 80 Ark. 15.

BATTLE, J.   Riner Lumber Company, a corporation, sued O'Dwyer & Ahern Company, another corporation, for the value of two car loads of lumber on which it had a mortgage. The plaintiff alleged in its complaint that the Arden Lumber Company, being indebted to it in the sum of $4,280, in order to secure the same, on the 19th day of February, 1908, executed to it a mortgage conveying a large amount of oak and pine lumber, situated on the mill and lumber yards of the Arden Lumber Company, at Arden, in Little River County, in this State; that the mortgage was filed and recorded in that county on the 19th day of February, 1908; that on the 22d day of February, 1908, while the mortgage was in full force and effect and the debt secured thereby was unpaid, the defendant shipped to Texarkana, and converted to its own use a car of said lumber containing 23,518 feet, of the value of $365.32, and on the 28th day of the same month shipped and converted to its own use another car load of said lumber, containing 24,045 feet, of the value of $300.56. Plaintiff asked for judgment against the defendant for $665.88, the total value of the lumber so converted.

The defendant answered and set up its defenses, in which it denied all liability to plaintiff for the lumber claimed by it.

The Riner Lumber Company and Arden Lumber Company were corporations. The former was engaged in buying and selling lumber, and the latter in manufacturing and selling lumber, with its chief place of business at Arden, in Little River County, in this State. They entered into a written contract with each other on the 19th day of February, 1908, the terms of which are ambiguous and difficult to understand.

The Arden Lumber Company undertook in terms to sell to the Riner Lumber Company all the lumber it should produce. When construed as a whole, it only gives to the Riner Lumber Company the exclusive sale of all the lumber manufactured and to be manufactured by the Arden Lumber Company during the life of the contract. The latter agreed to load into cars and to receive as compensation for selling ten per cent. of the former and to forward the bill of lading of such shipment to it, and the former was to account to the latter for proceeds of sale, and to receive as compensation for selling ten per cent. of the net proceeds. The former agreed to and did advance at the time seven dollars per thousand feet upon the lumber on the yards,

and took a mortgage thereon of even date with the contract for an advance of $4,280, due thirty days after date, bearing interest at the rate of eight per cent. per annum, and filed and recorded in the proper office on the same day. The contract further provided that the former, the Riner Lumber Company, might take an inventory of all lumber stacked on the yards of the latter between the 15th and 25th days of each month during the term of the contract, and that at each time when taken, if it was shown that the lumber on the yards at $7 per thousand feet exceeded the amount then due, an additional advance would be made, so that the latter, Arden Lumber Company, might at all times have by way of advance as much as seven dollars per thousand feet.

A short time after this contract was entered into and the mortgage was filed for record the Arden Lumber Company, without the knowledge of the Riner Lumber Company, about the 22d and 28th of February, 1908, shipped to the defendant two car loads of the lumber so mortgaged, which it (defendant) converted to its own use, for the value of which this action was instituted. After this, on the 19th of March, 1908, Mr. Riner, president and principal stockholder of the Riner Lumber Company, went to Arden for the purpose of making an inventory of the lumber then on hand. When so doing, the president and manager of the Arden Lumber Company informed him of the sale and shipment of the two car loads of lumber to the defendant and asked his approval. After the inventory or stock sheet was taken a new mortgage was given for the balance due, $3,776.17, and it recites that the lumber on the yards aggregated $3,776.17 as per stock sheet. The new mortgage did not include the lumber sold and shipped to the defendant.

Riner returned to Arden on the 1st of May, 1908, and took another inventory and a new mortgage for the balance due, $2,371, and the mortgage recites: "Said lumber aggregating the sum of $2,371, as per stock sheet of May 1, 1908."

Witnesses differed as to the plaintiff approving and confirming the sale and shipment of lumber to the defendant, and the court submitted that question to the jury, and they by a special verdict answered that it did; and the court rendered judgment in favor of the defendant.

The court erred in rendering judgment in favor of the defendant upon the verdict of the jury. The approval or confirmation of the sale and shipment of lumber to the defendant, without consideration, was not binding upon the plaintiff, and was not sufficient to relieve the lumber from the mortgage of plaintiff and the defendant from liability for the value of the lumber; and the undisputed evidence did not show that there was a consideration received by the plaintiff. The question as to whether there was a consideration for the approval or confirmation of the sale and shipment of lumber to the defendant was not submitted to the jury, and was not considered or decided.

Reverse and remand for a new trial.