## SCHOOL DIST. NO. 13 OF LATIMER COUNTY v. WARD.

No. 2997.   Opinion Filed November 4, 1913.

(136 Pac. 588.)

APPEAL AND ERROR—Verdict—Evidence. Where the evidence reasonably tends to support the verdict and there is no error in the charge to the jury, the judgment will not be disturbed.

(Syllabus by the Court.)

*Error from County Court, Latimer County;*
*L. K. Pounders, Judge.*

Action by Daisy Ward against School District No. 13 of Latimer County. Judgment for plaintiff, and defendant brings error. Affirmed.

*H. T. Church,* for plaintiff in error.

*Jones & Lester,* for defendant in error.

TURNER, J. This is an action by Daisy Ward, defendant in error, to recover from School District No. 13 of Latimer County $195, alleged to be due her for three months' services under and by virtue of a contract in writing, made a part of her petition, wherein the district agreed to employ her as a primary teacher in its schools for nine months, at $65 per month, beginning September 5, 1910. After a general and a "special demurrer" to her petition had been overruled, defendant answered and denied the debt and alleged the contract to be invalid for the reason that C. J. Wishart, treasurer, was not notified of and was not present at the meeting of the board when the contract was made, and that the same was signed by Doyle and Guest, the other two members of the board, without his consent.

After reply filed there was trial to a jury and judgment for plaintiff, and the district brings the case here.

For the reason that the briefs fail to set forth the petition, we cannot consider whether the court erred in overruling the demurrer thereto, but will consider the remaining assignment of error only, which is that the court erred in overruling defendant's motion for a new trial. The case turned upon the validity of the meeting of the board at which the contract was made; it being contended on one side that Wishart had verbal notice and was present and participating, and on the other that he was not present and had no notice of the meeting. Upon the point the court charged the jury:

" * * * You are instructed that the written contract introduced in evidence is valid, unless you find from the testimony that same was not authorized at a legal meeting of said board of directors of the defendant. You are further instructed that the minutes of said meeting are *prima facie* evidence of what took place at said meeting. (Excepted to by defendant.) (4) You are instructed that if you find by a fair preponderance of the testimony that there was a meeting of the school board of the defendant herein on May 11, 1910, and that at said meeting all the directors of said district were present, or had notice in writing of the meeting, and the matter of employing the plaintiff was brought up in the presence of all of said members, and that at said meeting and before same adjourned two members of the board voted in favor of employing the plaintiff at $65 per month, as alleged in her petition, and that thereafter the said contract was signed by two members of the board, and by the plaintiff herein, and that plaintiff presented herself on September 5, 1910, and at subsequent dates as hereinbefore mentioned at the place where she was employed to teach, and that the plaintiff at all times and up to the time she filed the action herein, which was November 29, 1910, stood ready to perform the services enumerated in the contract sued upon, then it will be your duty to find for the plaintiff, unless you should find that at said meeting of said board of directors one or more members of said board was made to understand that no action with reference to plaintiff's contract would be taken at said meeting, and at such point in the meeting went away from the place of meeting and was not notified to return to said meeting for the purpose of acting upon plaintiff's application. (Excepted to by defendant)"

—which seems to correctly state the law. But whether it does or not, defendant is now bound thereby, since the same was not excepted to in the manner provided by statute (Rev. Laws 1910, sec. 5003), and, as there was evidence reasonably tending to support the charge, we decline to disturb the verdict.

It seems there was no error in the admission or rejection of evidence, but if there was we cannot consider it, as defendant has failed to comply with rule 25 of this court (38 Okla. x, 95 Pac. viii).

Defendant requested the court to charge:

"You are instructed if you find from the evidence that the contract sued on herein by the plaintiff, Daisy Ward, was made, executed, and entered into by the defendant, School District Board No. 13 of Latimer County, prior to the annual district meeting of said school district, on the first Tuesday of June, 1910, then plaintiff cannot recover, and your verdict should be for defendant"

—which was refused and defendant duly excepted. In support of the contention that the court erred in so refusing, counsel cite *Jones v. School Dist. No. 144, Elk Co.,* 7 Kan. App. 372, 51 Pac. 927. There in the syllabus the court said:

"The powers conferred by law upon the electors at an annual school district meeting are inconsistent with the existence of authority in the school board of such district to enter into a binding contract for the employment of a teacher prior to the meeting for a term commencing after such meeting."

While the statutes there under construction (Gen. St. 1905 Kan. sec. 6637 *et seq.*) are substantially the same as ours (Comp. Laws 1909, sec. 8051 [Rev. Laws 1910, sec. 7820] *et seq.*), for the reason that no authority is cited in that case in support of that opinion and counsel has cited none, we refuse to follow it, especially as counsel have failed to point out, and we cannot see, wherein the powers thus conferred upon the electors at such annual meeting are inconsistent with the existence of authority in the school board to make a contract employing a teacher to teach for a term commencing after such meeting.

There is no merit in the remaining assignments. Affirmed.

All the Justices concur.