## INDIANA HARBOR BELT R. CO. v. BRITTON.

No. 6572. Opinion Filed March 28, 1916.

(156 Pac. 894.)

1. **ESTOPPEL—Pleading.** In an action by a carrier to recover freight for the carriage of goods which have been delivered by the carrier, the contract of the consignor and the consignee, as to the payment of such freight, cannot be properly pleaded by the defendant as a defense, in the absence of a plea properly raising an estoppel, to which such contract was germane.

2. **APPEAL AND ERROR—Harmless Error—Admission of Irrelevant Evidence.** Where an estoppel is not pleaded, it is prejudicial error to admit evidence, if properly objected to, tending to establish such estoppel.

3. **APPEAL AND ERROR—Prejudice—Instructions—Applicability to Case.** It is prejudicial error for the court to give instructions which may confuse the jury upon issues not pleaded.

(Syllabus by Collier, C.)

*Error from County Court, Tulsa County;*
*Conn Linn, Judge.*

Action by the Indiana Harbor Belt Railroad Company against W. L. Britton. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*C. R. Thurwell* and *John R. Woodard,* for plaintiff in error.

*H. B. Martin* and *A. F. Moss,* for defendant in error.

Opinion by COLLIER, C. This is an action brought by the plaintiff in error against the defendant in error, to

recover $150.60 freight upon a carload of pianos shipped
from La Porte, Ind., to Tulsa, Okla., by the Hobart M.
Cable. Company to the defendant in error. Hereafter the
parties will be designated as they were in the trial court.
The answer of the defendant sets up, as a part of his de-
fense, that in the contract of purchase of said pianos the
said piano company, the consignor, had agreed to pay the
freight on said pianos to Tulsa, Okla., which part of said
answer the plaintiff moved to strike, which motion was
overruled and exceptions saved. The case coming on to
be tried, the plaintiff introduced evidence as to the cor-
rectness of the account sued on, the amount of freight, that
it carried the shipment as alleged in the petition, and that
it did pay the freight. Against the objection and excep-
tion of the plaintiff the defendant testified that he bought
the pianos from a representative of the Hobart M. Cable
Company, a Mr. Van Zant, on an oral contract, made at
Tulsa, by which the said company was to pay the freight
from La Porte, Ind., to Tulsa, Okla.; that upon the arrival
of the pianos at Tulsa he paid the freight, and afterwards
the St. Louis & San Francisco Railroad Company returned
it to him; that when Mr. Van Zant came to Tulsa for the
purpose of settling with the defendant for the pianos so
purchased, he, Van Zant, advised the defendant that the
freight had been paid on said pianos; that defendant then
called up the agent of the Frisco Railroad Company, and
sought to ascertain whether or not this freight had been
prepaid, and told the Frisco agent that he was settling
with the piano company upon the basis of their paying this
freight; that the agent of the Frisco, who was also the
agent of the plaintiff, told him that this freight had been
paid, and that the freight would be returned to him, and

that he then settled with the piano company upon that basis. There was also other evidence in the case, which we deem unnecessary to recite. The court, among other instructions, gave the following:

"The court instructs the jury that the presumption of law is that when a consignee of goods takes the same from the carrier, the acceptance and removal of the goods is *prima facie* evidence of an implied contract to pay freight thereon, but the court instructs you that this presumption may be rebutted by the consignee's showing that at the time of the receipt of the goods, the goods belonged to the consignor, and in this case, if you find that the defendant purchased said goods from the Hobart M. Cable Piano Company, and under his agreement with them the said goods were to be delivered to the consignee, the defendant in this action, at Tulsa, Okla., you are instructed that the said goods were owned by the consignor, the Hobart Cable Piano Company, until delivery by the railroad company to the defendant; and if you find that said goods were to be delivered to the defendant in this action at the city of Tulsa, then the consignee would not be liable to the plaintiff herein for freight, and he would have to look to the consignor, the Hobart M. Cable Piano Company, for freight, and your verdict should be for the defendant."

"You are instructed that the St. Louis & San Francisco Railroad Company was the agent of the plaintiff, Indiana Harbor Belt Railroad Company, in the collection of the freight charges for the transportation of the pianos, and if you believe that the agent of the St. Louis & San Francisco Railroad Company and an agent of the Hobart M. Cable Company represented to the defendant that the freight charges had been prepaid, and that the freight charges advanced by defendant would be returned to defendant, and that in making settlement for the purchase price of said pianos the defendant acted on said representations and paid by notes the piano company in full for said pianos, and that the agreement between defendant and

the piano company was that the piano company should pay the freight and thereby the defendant was induced to forego the collection of said amount at the time of settlement from the Hobart M. Cable Company, then the plaintiff herein, as a matter of law, is estopped from recovering in this action, and you should find for the defendant."

To each of which said instructions the plaintiff duly excepted. The jury returned a verdict for the defendant. To which the plaintiff excepted. Judgment was rendered in accordance with the verdict, and plaintiff saved exceptions to said judgment. A timely motion for new trial was made, overruled, and exception saved, and this appeal perfected.

We are of the opinion that the refusal of the court to strike out that part of the answer of the defendant which sets up the contract between the piano company and the defendant, and the admission of evidence tending to sustain the same, were reversible errors, for the reason that the piano company was not a privy to the contract here sought to be recovered upon.

The charges of the court heretofore set out are based upon the doctrine of estoppel. Estoppel not having been pleaded, the giving of said instructions was prejudicial error. It is a well-settled principle of law that before the doctrine of estoppel can be invoked, it must be pleaded.

"It is error * * * to instruct the jury upon an irrelevant issue, not raised by the pleadings, when such instruction is strongly calculated to mislead the jury." (Kingfisher Nat. Bank of Kingfisher v. Johnson, 22 Okla. 228, 98 Pac. 343.)

In Nance v. Oklahoma Fire Ins. Co., 31 Okla. 208, 120 Pac. 948, 38 L. R. A. (N. S.) 426, Mr. Justice Hayes says:

"Plaintiff introduced, over objection of defendant, evidence for the purpose of showing that this requirement of the policy had been waived. Evidence for such purpose was clearly incompetent, for it has often been held by this court that the doctrine of estoppel or waiver, in order to be availed of, the facts constituting the same must be pleaded." *Bleakmore v. Johnson,* 24 Okla. 544, 103 Pac. 554; *Cooper v. Flesner,* 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29; *Tonkawa Milling Company v. Town of Tonkawa,* 15 Okla. 672, 83 Pac. 915; *A., T. & S. F. Ry. Co. v. Lynn & Hudson,* 54 Okla. 701, 154 Pac. 657.

Had an estoppel been properly pleaded by the defendant, the admission of said evidence as to the contract in regard to the payment of freight by the piano company, and consequently the instructions given thereon, would have been free from error.

As the errors pointed out must work a reversal of this case, we do not feel it necessary to consider other assignments of error than those passed upon.

This case should be reversed and remanded.

By the Court: It is so ordered.