## PHELAN v. BARNHART BROS. & SPINDLER.

No. 9067—Opinion Filed June 3, 1919.

(Syllabus by the Court.)

**1. Chattel Mortgages—Sale by Mortgagor—Oral Consent of Mortgagee—Evidence.**

A chattel mortgage which provides that the property cannot be sold without the written consent of the mortgagee does not prevent the mortgagee from orally constituting the mortgagor his agent to sell the property, and where oral consent is relied upon as a defense in an action for the conversion of the mortgaged property, the evidence as to such consent must be clear, positive, and unequivocal.

**2. Appeal and Error—Harmless Error—Instructions.**

It is prejudicial error for the trial court to give an instruction covering an issue not made by the pleadings and the evidence in the cause, where such instruction tends to confuse the issues and is calculated to mislead the jury.

**3. Same.**

Where there is no evidence reasonably tending to establish a material issue submitted to the jury under instructions of the court, which the jury must have found in favor of the prevailing party, in order to have returned the verdict, the verdict will be set aside:

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by J. R. Phelan against Barnhart Bros. & Spindler. Verdict and judgment for defendant, motion for new trial overruled, and plaintiff brings error. Reversed and remanded.

Rollin E. Gish, for plaintiff in error.

Fulton, Shirk & Danner, for defendant in error.

PITCHFORD, J. The plaintiff in error, J. R. Phelan, was the plaintiff in the trial court, and the defendant in error, Barnhart Bros. & Spindler, was the defendant below. The parties will be referred to hereafter as plaintiff and defendant. The plaintiff sued for the conversion of type and printing equipment upon which he held a chattel mortgage, which was duly filed for record. The mortgage had the usual written provisions against the mortgagor selling or disposing of the property without the written consent of the mortgagee. The plaintiff sought to recover from the defendant the sum of $200 on account of the alleged conversion of the mortgaged property by the defendant. Issue was joined, and trial was had before a jury. The jury returned a verdict in favor of the defendant. Plaintiff filed his motion for a new trial in due time, and from the overruling of said motion an appeal was taken. The plaintiff has assigned as grounds for reversal error in giving instructions Nos. 8 and 9, which are as follows:

"No. 8. You are instructed that, if after a fair and impartial consideration of all the testimony in this case, if you find that the plaintiff, J. R. Phelan, either before or after the sale of said goods to the defendant, consented to such sale, that he could not recover in this case, regardless of whether or not the defendant had notice of the mortgage covering such goods. In other words, if the plaintiff, J. R. Phelan, either before or after the sale of said goods to Halbert R. Stephens, consented to the sale of said goods, by so doing he would waive the provisions of the mortgage covering the said goods.

"No. 9. You are instructed that, while the mortgage provides that the property shall not be sold or disposed of in any way by the mortgagor without written consent of the mortgagee, yet if you find that the plaintiff actually consented to the sale of said property, it would be immaterial so far as the defendant is concerned whether such consent would be verbal or in writing."

The above assignments of error will be considered as one, as the argument and authorities cited by the parties respectively cover both. It appears that no demurrer to the evidence was filed in the lower court, nor did the plaintiff move to have a verdict directed in his favor; therefore the only question for this court to consider is: Was there

any evidence justifying submitting to the jury the instructions complained of? The defendant had sold to the mortgagor new type amounting to a large sum, and had received as part payment thereon the old type covered by plaintiff's mortgage, and had taken a mortgage on the new type to secure the balance of the purchase money therefor.

We have gone carefully over the briefs filed by counsel, and also the record in the case, and the only evidence we have been able to find which in any manner tends to show that the plaintiff authorized the mortgagor to dispose of the mortgaged property is found on page 70 of the case-made in the evidence of Halbert R. Stephens, the mortgagor, which is as follows:

"Q. Did you talk to Dr. Phelan about getting this new type? A. Yes, sir.

"Q. What did he say? A. Said that would be all right.

"Q. Did you tell him that you had got the new type? A. Yes, sir.

"Q. Did he say anything about it? A. Yes, sir.

"Q. Was that all right with him? A. Yes, sir."

The above, so far as we have been able to gather, is the entire evidence on that point. Nothing additional is pointed out by either the plaintiff or the defendant. In the answer filed by the defendant there is no allegation that the plaintiff had at any time authorized or consented to the sale of any of the mortgaged property by the mortgagor, and in the evidence above quoted there is nothing showing that the plaintiff consented that any of the mortgaged property be sold. As far as is disclosed, the mortgagor only informed the mortgagee that he was going to buy some new type, and that he had bought new type, not that he was going to sell the type mortgaged, or that he had sold the same. Where there is an entire lack of evidence to sustain the verdict, the same should be set aside. Howard v. Farrar, 28 Okla. 490, 114 Pac. 695; Gaar, Scott & Co. v. Rogers, 46 Okla. 67, 148 Pac. 161; Terry v. Creed, 28 Okla. 857, 115 Pac. 1022.

We should not lose sight of the fact that the purpose of a mortgage is to furnish security. Section 2755, Rev. Laws 1910, provides:

"Any mortgagor of personal property, or his legal representative, who, while such mortgage remains in force and unsatisfied, conceals, sells or in any manner disposes of such property, or any part thereof, or removes such property, or any part thereof beyond the limits of the county, or materially injuries or willfully destroys such property, or any part thereof, without the written consent of the holder of such mortgage, shall be deemed guilty of a felony, and shall, upon conviction, be punished by imprisonment in the penitentiary for a period not exceeding three years or in the county jail not exceeding one year, or by a fine of not to exceed five hundred dollars: Provided, that the writing containing the consent of the holder of the mortgage, as before specified, shall be the only competent evidence of such consent, unless it appears that such writing has been lost or destroyed."

From the foregoing statute it will be observed that the property mortgaged cannot be disposed of without the written consent of the mortgagee. Notwithstanding the positive terms of this statute, they are not intended to, nor do they, prevent the mortgagee from constituting the mortgagor his agent to dispose of the mortgaged property. The cases cited by both the plaintiff and the defendant in their respective briefs have been examined, and, as we understand, the rule therein announced goes to this extent, and this only. See Carr v. Brawley, 34 Okla. 500, 125 Pac. 1131, 43 L. R. A. (N. S.) 302; New England Mort. Sec. Co. v. Great Western Elevator Co., 6 N. D. 407, 71 N. W. 130; Drexel v. Murphy, 59 Neb. 210, 80 N. W. 813; Frick Co. v. Western Star Mill Co., 51 Kan. 370, 32 Pac. 1103.

We have been unable to find any authority, nor has counsel cited any, sustaining instruction No. 8, in which the jury were told that, if the plaintiff either before or after the sale consented to the same, he thereby waived the provisions of the mortgage covering said goods. We understand that there might be instances where the mortgagee would be estopped; that is, the consent of the mortgagee might be implied from the circumstances of the particular transaction. Consent is not to be implied merely from equivocal conduct, or from the fact that the mortgagee remained silent when told of an intended sale; however, if the mortgagee remains silent in the presence of an actual sale, or, not being actually present, allows the mortgagor to appear as the owner and has knowledge of the mortgagor's intention to sell, and the purchaser relies thereon in ignorance of the truth, under these circumstances the law of estoppel would apply. Livingston v. Stevens, 122 Iowa, 62, 94 N. W. 925; Etheridge v. Hilliard, 100 N. C. 250, 6 S. E. 571; Livingston v. Heck, 122 Iowa, 74, 94 N. W. 1098; Barnesville First National Bank v. St. Anthony, etc., El. Co., 103 Minn. 82, 114 N. W. 265. But it has been held that, where an approval or confirmation of a previous sale is treated on the theory of a release, rather than estoppel, it is not binding

on the mortgagee if made without consideration. Riner Lbr. Co. v. O'Dwyer, etc., Co., 96 Ark. 20, 130 S. W. 529. If, however, the mortgagee consents to the sale of the property, subject to the mortgage, it is no waiver of his mortgage lien, even as against a purchaser from such vendee who buys without actual notice of the mortgage, or with the mortgagee's assent to the first sale. The lien, never having been waived, is good against the last purchaser. Cobbey's Chattel Mortgages, sec. 637.

Should we hold that the evidence in the case at bar was sufficient to take the case to the jury, we would, in effect, destroy the object and purpose of all law upon the subject of chattel mortgages and render the same meaningless. In all of the cases we have examined we find standing out in bold relief the material fact of the consent for the sale on the part of the mortgagor, and that the proceeds were to be applied upon the indebtedness secured by the mortgage. In none of the cases was there any question or doubt upon this point. In the instant case the mortgagee positively denied giving his consent.

Judgment of the trial court is therefore reversed and remanded.

All the Justices concur, except SHARP, J., not participating.