**GULF, C. & S. F. RY. CO. v. HARPOLE.**

No. 15403—Opinion Filed Sept. 15, 1925.

### 1. Appeal and Error—Review—Sufficiency of Evidence.

It is well settled in this jurisdiction that if there is any competent evidence reasonably tending to support the verdict, the same will not be disturbed on appeal, and where the evidence is conflicting, this court will not examine the evidence for the purpose of determining the weight thereof; but where a demurrer is filed to plaintiff's evidence and an instructed verdict is requested, this court will examine the record, and if upon such examination it is found there is no evidence reasonably tending to support the verdict and judgment, such judgment will be reversed.

### 2. Same—Insufficiency of Evidence in Negligence Case.

Where plaintiff seeks to recover for damages suffered by reason of defendant's negligence, and the acts of negligence are specifically set forth in the petition, the burden of proving the negligence as alleged is upon the plaintiff, and where plaintiff's testimony fails to reasonably sustain the allegations of the petition, or raises a presumption of facts from which a jury could reasonably draw an inference of negligence, a verdict for plaintiff must be reversed.

### 3. Railroads—Care at Crossings—Contributory Negligence—Statutes.

While it cannot be said, as a matter of

law, that prior to the act of the Legislature (Session Laws 1925, p. 149, chap. 101, approved March 18, 1925), requiring vehicles to stop before crossing steam or electric car tracks, except in incorporated cities having an ordinance governing such traffic, it is the duty of the driver of an automobile about to cross a railroad track to stop, and look and listen under all circumstances, nevertheless, where contributory negligence is set up as a defense, the question of whether or not, under the circumstances in the particular case as disclosed by the evidence, he should stop, is a matter for the jury to determine, and an unqualified instruction that it is "only" his duty to look and listen is error.

**4. Appeal and Error—Reversible Error— Instructions Outside Issues.**

An instruction upon a material issue not raised by the pleadings, when excepted to, is reversible error.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by W. N. Harpole against the Gulf, Colorado & Santa Fe Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Cottingham, McInnis & Green, Frank Anderson, and Cruce & Potter, for plaintiff in error.

Brown, Brown & Williams, for defendant in error.

Opinion by RUTH, C. The parties will be designated as they appeared in the trial court. Plaintiff alleges in his petition that on May 4, 1922, at 12 p. m. (midnight) he drove his automobile from west to south along a public highway, just south of Ardmore, Okla., and at a point where the defendant's railway running north and south crosses the highway; that there is an incline in the highway up to the railway tracks and approaching the tracks he "looked and listened," but not seeing or hearing a train approaching, he drove his automobile upon the defendant's tracks, and in attempting to "shift his gears," his engine "died," or ceased to go, and the automobile stopped on the defendant's tracks: that plaintiff could not start the auto with the starter or crank, and in a short time one of defendant's freight trains came around a curve from the south, and gave the usual crossing signal, and when in sight of the automobile, the train apparently slowed down, and then started with greater speed and struck and completely demolished the auto; that the agents, servants and employes of said defendant company could have easily avoided said injury by stopping the train, which said agents, servants and employes of said defendant carelessly, recklessly and without due respect to the rights of this plaintiff failed to do; that said injury and damage was the direct and apparent result of the negligence and carelessness on the part of the agents, servants, and employes of the defendant company in failing to use reasonable care and precaution after they had discovered the perilous condition in which the plaintiff and his property were, which property by reason of the headlights of said train, was in plain view and directly in front of the train being operated by the servants, agents and employes of the defendant.

Defendant answered by general denial and alleged contributory negligence. The cause was tried to a jury and a verdict returned for plaintiff, and defendant appeals, and urges error under two propositions: The verdict and judgment are not supported by sufficient competent evidence, and are contrary to law. Defendant demurred to the evidence of the plaintiff and also requested an instructed verdict at the close of all the testimony upon the ground of insufficiency of evidence to sustain the allegations in the petition.

It is well settled in this jurisdiction that if there is any competent evidence reasonably tending to support the verdict, the same will not be disturbed on appeal, and where the evidence is conflicting, this court will not examine the evidence for the purpose of determining the weight thereof. Ross v. Beller, 106 Okla. 143, 233 Pac. 454; Lowenstein v. Holmes, 40 Okla. 33, 135 Pac. 727; Iowa Dairy Separator Co. v. Sanders, 40 Okla. 656, 140 Pac. 406; School Dist. No. 13, Latimer Co., v. Ward, 40 Okla. 97, 136 Pac. 588; Smith v. Cornwell & Chowning Lumber Co., 101 Okla. 86, 223 Pac. 154; City of Shawnee v. Roush, 101 Okla. 60, 223 Pac. 354. But this does not mean that a jury may arbitrarily determine a case where there is no evidence to support its verdict, for it is equally well established in this state that where there is no competent evidence reasonably tending to support the verdict, the same will be reversed on appeal. Kanotex Refining Co. v. Bonifield, 74 Okla. 304, 183 Pac. 971; Lindsay State Bank v. Cornelius, 76 Okla. 273, 185 Pac. 97; Elson v. Walker, 80 Okla. 237, 195 Pac. 899; Sapp v. Hartford Fire & Marine Ins. Co., 86 Okla. 87, 206 Pac. 814.

"Where there is an entire lack of evidence to sustain a material issue found by a

verdict, the Supreme Court will set aside the verdict and grant a new trial." Puls v. Casey, 18 Okla. 142, 92 Pac. 388; Gergans v. McCullum, 27 Okla. 155, 111 Pac. 208; Hassell v. Morgan, 27 Okla. 453, 112 Pac. 969; Howard v. Farrar, 28 Okla. 490, 114 Pac. 695; State v. Lonewolf, 63 Okla. 166, 163 Pac. 532; Morris v. Purcell Bank & Trust Co., 85 Okla. 45, 204 Pac. 436.

"The verdict of a jury must be rendered upon evidence reasonably tending to support the same and not upon conjecture." Kansas City Southern Ry. Co. v. Henderson, 54 Okla. 320, 153 Pac. 872.

And where the defendant demurs to the plaintiff's evidence and requests an instructed verdict, this court will examine all the evidence for the purpose of ascertaining whether there was any evidence reasonably tending to support the verdict.

It appears from the evidence the defendant's tracks are laid north and south of the crossing where the accident happened, and at a point 530 feet south of the crossing, the track curves to the southeast and necessarily the headlight on the locomotive was thrown in a northwesterly direction, and was not thrown on the crossing until the locomotive straightened out on the straight track about 530 feet south of the automobile. The plaintiff's allegations of negligence are that the defendant's agents or servants could have stopped the train, but failed to use reasonable care and precaution to do so. Plaintiff testified in support of his petition that the front wheels of his automobile were east of the rails and he tried to shift his gears while on the track, and his engine went dead, and he was about one and one-half minutes trying to start his car before being struck. He did not attempt to flag the train when he saw his danger. The train whistled for the crossing and afterwards gave the alarm whistle.

The following questions were propounded by counsel and the following answers given by plaintiff:

"Q. This train whistled for that crossing before it gave the alarm whistle? A. Yes, sir. Q. And the bell was ringing? A. I don't know. Q. Would not say it was ringing? A. No, sir. Q As soon as the lights began to shine on that car—was shining on it, the alarm whistle was given? A. Yes. sir. Q. And the train was running how fast? A. Pretty fast, 20 or 25 miles per hour, when it hit the car. Q. Make any effort to stop? A. Cut the steam off or something. Q. And before he got to the crossing he turned the steam on? A. He must have. Q. What occurred that you heard to make you draw that conclusion? A. Commenced to stop, and then commenced to pull ahead again fast. Q. Don't know what was done with the air after they applied it and cut the steam off, and turned this alarm on? A. No, sir. Q. You are not able to tell this jury this man in charge of the engine did not do everything he could to stop that engine? A. No, sir, I would not. Q. You don't know? A. No, sir. Q. How fast was that train travelling when it came around there? A. Thirty-five miles. Q. How fast was it traveling at the time it hit you? A. Twenty-five, I would say. Q. You sure of that? A. I am guessing at it. Q. How far did it go beyond the crossing? A. I would say 150 or 200 feet. Q. You don't even claim to this jury a freight train approaching that crossing at 30 or 35 miles per hour could stop before reaching the crossing—making that much down there? A. I don't know."

Plaintiff further testified he never attempted to take the measurements from the crossing to the curve of the tracks except to count the telegraph poles. E. M. Jackson was about 200 yards away when the accident happened, and testified he stepped off the distance between the telegraph poles from the crossing, and it was 44 steps between poles, but he does not know what ten times 44 is, and his testimony as to distances is of little value, and as he does not testify as to what effort was or was not made to stop the train, his evidence throws no light upon, nor does it tend to prove, the allegations of negligence as set forth in plaintiff's petition.

The only evidence offered to prove negligence, as alleged, was the plaintiff's own testimony and the same wholly fails to prove the allegations of negligence, or raise any presumption of fact from which a jury could reasonably draw an inference of negligence, and having alleged that the defendant's agents, servants, or employes could have stopped the train after coming around the curve and coming in sight of the automobile, the burden of proving the same was on the plaintiff, and the jury is not permitted to surmise or conjecture what might have been done, and eliminating all evidence of the defendant, and considering only the evidence of the plaintiff, the verdict rendered could only be reached by surmise or conjecture, and not by the evidence.

Defendant presents as error the giving of certain instructions, and instruction No. 5, as given by the court, challenges this court's attention, and is as follows:

"The owner and driver of an automobile along a good road in approaching a single track railroad crossing, is not required, as a matter of law, to 'stop, look and listen,' before crossing the track, if his view of the

track in both directions is not obstructed, but it is **only** necessary for him to look and listen."

While it is true that, as a matter of law, at the time of this accident, a driver of an automobile was not required to stop before crossing a railroad track, and the courts might so instruct juries, nevertheless the latter part of the instruction is clearly erroneous for the following reasons: The instruction embodies the following language: "If his view of the track in both directions is unobstructed." The evidence clearly shows that at a distance of 530 feet south of the crossing, the track curved to the southeast, and there was a high embankment hiding a train coming from the south, and such a train could not be seen from the crossing until it rounded the curve, and the headlight of the locomotive would not "pick up" or reveal the presence of the automobile until the locomotive was on the straight north and south track, about 500 feet distant, and at the rate of speed the plaintiff testifies the train was running, it would take it about 12 seconds to reach the crossing, and in this brief period of 12 seconds, the engineer "big holed" his train; that is, he sounded the alarm whistle, shut off the steam, applied the air brakes, and threw his engine in reverse, immediately upon coming around the curve and from behind the obstructing embankment.

The more serious objection to the instruction is the use of the adverb "only," meaning "merely". The last clause in the instruction was erroneous, highly prejudicial to the defendant, and misleading, as the jury were instructed that the plaintiff was "merely" required to "look and listen" under any circumstances, and this was the "only" duty he owed, or the "only" precaution it was incumbent upon him to observe. This is clearly an invasion of the province of the jury. Contributory negligence was pleaded in the answer, and this is a question of fact and at all times must be left to the jury (art. 23, section 6, Const. of Oklahoma). Wichita Falls & N. W. R. Co. v. Woodman, 64 Okla. 326, 168 Pac. 209; C., R. I. & P. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Osage Coal & Mining Co. v. Sperra, 42 Okla. 726, 142 Pac. 1040; St. L. & S. F. Ry. Co. v. Long, 41 Okla. 177, 137 Pac. 1156; Ann. Cas. 1915C, 432; St. L. & S. F. Ry. Co. v. Hart, 45 Okla. 659, 146 Pac. 436; St. L. & S. F. Ry. Co. v. Jones, 78 Okla. 204, 190 Pac. 385; Sweet v. Henderson, 72 Okla. 51, 178 Pac. 666; Mascho v. Hines, 91 Okla. 295, 217 Pac. 856; Payne v. Toler, 94 Okla. 98, 221 Pac. 26.

Clearly there might be circumstances under which it is necessary, not only to look and listen, but to stop before attempting to cross a railroad track. The plaintiff was familiar with the public highway, the presence of the track, the curve and the high embankment. He testified he looked and listened while his automobile engine was running, and while climbing the slight grade to the tracks that it was necessary to do, and he did attempt to "shift" his gears, and in this day of general use of automobiles, it is a matter of common knowledge that the noise occasioned by shifting gears on an automobile climbing a grade with the engine running will have a tendency to "drown" usual, and in some instances, unusual noises. It was, therefore, a question of fact to be determined by the jury, whether or not, under all the circumstances and conditions of the highway and railroad, the plaintiff should have stopped, or only looked and listened, and this court in C., R. I. & P. Ry. Co. v. Baroni, 32 Okla. 540, 122 Pac. 926, said:

"It is, of course, his duty to look and listen, and to exercise such care as is commensurate with the surroundings to avoid an accident, and there may be circumstances under which he should stop, but whether this is true or not, depends upon the particular facts of the case."

This court quotes with approval Elliott on Railroads (2nd Ed.) vol. 3, section 1167, in part as follows:

"While it cannot be justly affirmed, as we believe, as a matter of law, that there is a duty to stop in all cases, yet there are cases where the failure to stop must be deemed such a breach of duty as will defeat a recovery by the plaintiff. There are many cases holding that the surroundings may be such as to impose upon the traveler the duty of stopping, looking, and listening, and these cases, as we think, assert the true doctrine. * * * In the majority of cases, however, the question is one of fact, or a mixed question of law and fact, rather than a pure question of law."

This court in M., K. & T. R. Co. v. Stanton, 78 Okla. 167, 189 Pac. 753, after quoting and adopting the language of Elliott on Railroads, supra, further says:

"And whether he should stop or not is a matter for the jury to determine."

In view of the constitutional provision of this state, supra, and the adjudicated cases, we feel the instruction as given was prejudicial, misleading, and erroneous.

Instruction No. 6, given by the court and

duly exceptel to, is urged as error, and is as follows:

"You are instructed that where a railway company has knowledge of a highway crossing its tracks near a densely populated city, it is charged with notice and that travelers on the highway might be there about to cross, or in the act of crossing such highway, and it is its duty to run its trains at a reasonable rate of speed and to give reasonable signals of the approach of the same."

This instruction is open to the objection that it instructs upon and submits to the jury issues not raised by the pleadings nor the evidence. The evidence is uncontradicted that the usual signal was given for this crossing and the alarm whistle was sounded as soon as the headlight brought the automobile into view. It was not alleged that the speed of the train was unreasonable at that particular point, and the only negligence alleged was that after the automobile was brought into view, the engineer could have stopped his train, and that he failed to use reasonable means or care to do so, and upon this allegation the plaintiff must succeed or fail.

"An instruction upon a material issue, not raised by the pleadings, when excepted to is reversible error." Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117.

To the same effect is Levy v. Gross, 46 Okla. 626, 149 Pac. 237; Indiana Harbor Belt Co. v. Britton, 56 Okla. 750, 156 Pac. 894; Kingfisher Nat. Bank of Kingfisher v. Johnson, 22 Okla. 228, 98 Pac. 343; Phelan v. Barnhart Bros. & Spindler, 75 Okla. 49, 181 Pac. 718.

In St. L. & S. F. R. Co. v. Bruner, 56 Okla. 682, 156 Pac. 649, this court employs the following language:

"The giving of this instruction was the clearest kind of prejudicial error. In the first place there was not a single element of duress, either pleaded or proved.

"What induced the court to instruct upon duress is a mystery. It is not even suggested in the pleadings or testimony. This court has held repeatedly that giving an instruction upon an issue not involved, and which tends to confuse the jury, is prejudicial error." Citing C., R. I. & P. R. Co. v. Beatty, 42 Okla. 528, 141 Pac. 442. Kingfisher National Bank v. Johnson, 22 Okla. 228, 98 Pac. 343; Burgess v. Felix, 42 Okla. 193, 140 Pac. 1180; Levy Brothers v. Western Union, 39 Okla. 416, 135 Pac. 423; C., R. I. & P. R. Co. v. Duran, 38 Okla. 719, 134 Pac 876.

Having arrived at the conclusions herein expressed, it is unnecessary to consider the instructions requested by defendant and refused by the court, but for the errors of the court as disclosed by the record, the judgment of the trial court should be reversed, and this cause remanded with instructions to grant the defendant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 854, § 2834, 856, § 2835, 859, § 2836, 861, § 2838. 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 29 Cyc. pp. 587, 597, 659. (3) 33 Cyc. p. 1119; anno. 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702; 2 R. C. L. p. 1206; 1 R. C. L. Supp. 742; 4 R. C. L. Supp. p. 158, 5 R. C. L. Supp. p. 143. (4) 4 C. J. p. 1036, § 3016.