## GREAT LAKES PIPE LINE CO.
## v. SMITH.
### No. 34573.

Supreme Court of Oklahoma.

Feb. 16, 1954.

Rehearing Denied April 6, 1954.

Application for Leave to File Second Petition for Rehearing Denied July 7, 1954.

------♦------

Hamilton & Kane, Pawhuska, R. L. Wagner, Kansas City, Mo., R. O. Wilson, Ponca City, H. S. Skinner, Oklahoma City, for plaintiff in error.

Frank T. McCoy, John T. Craig, John A. Pearson, Pawhuska, for defendant in error.

ARNOLD, Justice.

Plaintiff Wayland Smith brought suit in the District Court of Osage County against Great Lakes Pipe Line Company for damages for the death of six cows allegedly caused by the negligence of defendant in leaving a can of red lead oxide paint in plaintiff's pasture, the contents of which spilled upon the ground and were eaten by plaintiff's cattle, killing them.

Pertinent to the issues here involved and in accord with the allegations of his petition plaintiff's evidence reasonably tends to show that plaintiff since 1937 had operated near Barnsdall in Osage County a ranch known as Bull Creek Pasture, covering some 1600 acres; that plaintiff kept cattle in this pasture at all times here involved; that ever since plaintiff had had possession of this pasture defendant Great Lakes Pipe Line Company had maintained two pipe lines through said pasture; the defendant had employees going through said pasture walking said pipe lines every day or two during all this time; that at other times, when there would be a break or a leak in one of the lines other employees would come into the pasture in trucks with appropriate equipment to repair the line; that in 1943 or 1944 defendant raised both of said pipe lines, and reconditioned them; that in about 1947 one of the six-inch lines was raised and removed and an eight-inch line put in its place; that when the lines were reconditioned they were painted, and across some salt-water draws and across Bull Creek the lines crossed by overhead crossings or aeroplane crossings which left the lines exposed for the distance of the crossing; that the posts on each side of the pipe lines where they crossed such places were painted red on top; that the six-inch pipe line where so exposed and the supporting iron works for such crossings were painted aluminum on the outside and underneath had a reddish-brown primer coat; that the eight-inch pipe line had a coating of tar with a felt wrapper over it; that early in July, 1948, plaintiff found three dead cows in his pasture; that the next day plaintiff rounded up all the cows in his pasture and called a veterinarian to ascertain the cause of the death of said cows; that in rounding the cattle up he found a cow licking a 5-gallon paint can which had rusted and its contents spread upon the ground; that this can was located down a little ravine about 200 yards from where the defendant's pipe lines crossed the ravine in what was called an aeroplane crossing; that during rains the water runs from a pond about 30 steps above this aeroplane crossing, where defendant's pipe lines were exposed, down the ravine in a southeasterly direction to the spot where the can was found, and on down the draw; that the contents of the can, a reddish-orange substance, was scattered over an area 5 or 6 feet square; that the area around where the contents of the can were spilled was trampled by cattle like a salt lick; that plaintiff brought the veterinarian to the place where the can was found; that the veterinarian took samples of the substance and analyzed it and found it to be dried red lead oxide paint; that the veterinarian determined that the three cows found dead and three others which were sick and later died had eaten the dried paint and died from lead poisoning; that there were small pieces of tar near the can and a trail of small pieces of tar leading back to the

aeroplane crossing of the pipe line in the draw, showing where the water washed down this ravine during heavy rains; plaintiff introduced further testimony showing the value of the dead cows and the loss sustained by him by reason of their calves being orphaned, and his veterinary expense.

From plaintiff's evidence standing alone a reasonable inference can be drawn that defendant's employees left the can of red lead oxide paint in the pasture, which later rusted, spilling its contents. There is direct evidence that plaintiff's cows died from eating the contents of said can of paint.

The voluminous evidence of defendant reasonably tends to show that defendant never at any time used any red lead oxide paint in maintaining, repairing, or replacing either of its two pipe lines across this pasture; that there had formerly been two other pipe lines across this pasture owned by another company and that said other company might or could have left the paint can in the pasture.

Likewise, from defendant's evidence a reasonable inference could be drawn that defendant did not leave the paint can in the pasture. This presented a question of fact for the jury.

Defendant's demurrer to plaintiff's evidence, demurrer at the close of all the evidence, and motion for a directed verdict were overruled. The jury returned a verdict in the amount of $1600 in favor of plaintiff and the court entered judgment in accordance with the verdict. From order overruling motion for new trial defendant appeals.

Defendant though admitting that one inference may reasonably be drawn from circumstantial evidence contends that the evidence is insufficient to sustain the verdict of the jury and the judgment based thereon because the circumstantial evidence of plaintiff merely raised an inference or a presumption that defendant's employees at some time left the paint can near their pipe line, that it later washed down the ravine, became rusted and its contents spilled on the ground; that when defendant showed, by clear, convincing, and undisputed evidence that it had never used red lead oxide

paint in its operation of its pipe lines through the pasture this inference faded, leaving no foundation upon which to base a verdict other than conjecture and speculation and cites numerous cases to the effect that verdicts must be based upon substantial, competent evidence of the facts constituting the cause of action.

 A reasonable inference which may be drawn from circumstantial evidence is itself proof and does not fade away in the light of positive proof to the contrary. As above pointed out, the jury might reasonably have found that defendant left the paint can in the pasture, as it did, or it might reasonably have found that defendant did not. Where conflicting inferences can be drawn from the evidence the case is for the jury; Haddock v. Sticelber & Mong, 65 Okl. 254, 165 P. 1138. Plaintiff's evidence reasonably tends to support the verdict and the judgment based thereon.

*Affirmed.*

CORN, DAVISON, O'NEAL and BLACKBIRD, JJ., concur.

WILLIAMS, J., dissents.