J. C. PENNEY COMPANY, a Corporation,
Plaintiff in Error,

v.

Dorothy JOHNSON, Defendant in Error.
No. 39104.

Supreme Court of Oklahoma.
Sept. 19, 1961.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiff in error.

Farmer & Kerr, Oklahoma City, for defendant in error.

PER CURIAM.

This is an action for damages for injuries suffered by plaintiff Dorothy Johnson in a fall in a store owned by defendant, J. C. Penney Company, in Chickasha, Oklahoma. Verdict and judgment in the trial court were for plaintiff, and defendant appeals.

One of the propositions argued by defendant is that the trial court erred in overruling the demurrer of defendant to plaintiff's evidence, and defendant's motion for directed verdict.

Plaintiff's petition alleged negligence on the part of defendant in allowing the floor to become unduly slick and dangerous; in allowing foreign debris to gather on the floor; and in allowing "the dropping of a pencil on the floor at said particular place which pencil was owned by the defendant and was dropped by one of its agents, servants or employees * * *". At the trial, plaintiff abandoned the first two grounds of negligence, and attempted to prove the third.

Viewing the evidence in the light most favorable to plaintiff, there is a complete failure in this regard. Plaintiff testified merely that " * * * my foot just started rolling * * *". She did not see a pencil on the floor, either before or after the accident; she did not testify that her foot "rolled" on a pencil. The only other witness to the fall who testified for plaintiff, her sister-in-law, did not see the pencil before the accident, and did not see it on the floor at any time. She testified that she heard a clerk say "Here's the pencil". In answer to the direct question "This pencil, did you see where Mrs. McDuff got the pencil from?" the sister-in-law said "She stooped down, and I didn't—I don't know whether she picked it up or what, I couldn't exactly see."

 The general rule with respect to liability to an invitee for injuries caused by the dangerous condition of the premises was stated in Owen v. Kitterman, 178 Okl. 483, 62 P.2d 1193, as follows:

"In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises, the condition must have been known to the owner or occupant or have existed for such time that it was the duty of the owner or occupant to know of it."

Plaintiff cites several cases in support of the general proposition that the evidence in this case was sufficient on the point concerned; however, all are distinguishable on the facts. In Williamson v. F. W. Woolworth Co., 237 Miss. 141, 112 So.2d 529, the fall was admittedly caused by a banana peeling on the floor; in Sapp v. W. T. Grant Company, 172 Cal.App.2d 89, 341 P.2d 826, the spool of thread which caused the fall was seen on the floor immediately afterward. In the instant case, there is no evidence that the pencil allegedly causing the fall was ever on the floor at all.

Plaintiff cites Great Lakes Pipe Line Co. v. Smith, Okl., 271 P.2d 1112, and Dumas v. Wagoner et al., Okl., 304 P.2d 991, to the general effect that an inference may be drawn from circumstantial evidence. However, in those cases, the inferences concerned were based on evidentiary facts, all of which taken together constituted circumstantial evidence justifying the inferences concerned.

 In the case now before us, plaintiff argues in effect that there was evidence from which the jury could have inferred that defendant's employee put the pencil on the floor, or that defendant should have known it was there. Such argument might be valid if there had been any evidence that the pencil was ever actually on the floor. As we have seen, there was no evidence to that effect. The best that can be said of plaintiff's evidence here is that from it, the jury could have inferred that the pencil was on the floor; and from that, it could have further inferred that defendant's employee put it there, or that it had been there so long that defendant should have known about it. This would of course violate the well, established rule against basing "an inference on an inference". National Union Fire Insurance Company v. Elliott et al., Okl., 298 P.2d 448.

 To the extent that it fails to meet either of the requirements contained in Owen v. Kitterman, supra, the verdict and judgment here are not supported by any competent evidence. It was therefore reversible error to overrule defendant's demurrer to the evidence and motion for directed verdict. Gulf, C. & S. F. Ry. Co. v. Harpole, 111 Okl. 301, 239 P. 609.

The judgment of the trial court is reversed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.