SOONER FOODS, INCORPORATED, Plaintiff in Error,

v.

Aline Viola EGGLESTON, Defendant in Error.

No. 41103.

Supreme Court of Oklahoma.

March 22, 1966.

Fischl, Culp & McMillin, Ardmore, for plaintiff in error.

Holmes H. Colbert, Sulphur, for defendant in error.

PER CURIAM.·

This is an action for damages for injuries suffered by plaintiff, Aline Viola Eggleston, in a fall in the store owned by the defendant, Sooner Foods, Incorporated, in Sulphur, Oklahoma. Verdict and judgment in the trial court were for plaintiff, and defendant appeals.

One of the propositions argued by defendant is that the trial court erred in overruling the demurrer of the defendant to plaintiff's evidence, and defendant's motion for a directed verdict.

Plaintiff's petition alleged negligence on the part of the defendant in allowing the floor to become slick with oil or waxy substance; in allowing the shells of dried beans and trash to accumulate and spill upon a slick, hard-surface floor; and that the defendant was negligent in failing to warn the plaintiff that said floor was oily, slick, and had shells of dried beans and trash in the aisle where plaintiff was walking. At the trial, no evidence was offered in regard to the oiling or waxing of the floor; plaintiff offered proof only in connection with the alleged presence of dried beans upon the floor. We have carefully examined the evidence of the plaintiff for any evidence to support the verdict of the jury in this case. We have been unable to find any. Plaintiff herself testified that she saw no object before she fell and saw no object after she fell; that she didn't see the object she slipped on; that there was a bursted package of beans on the shelf near where she slipped and fell; that she saw no beans on the floor, all were on the shelf. A relative of the plaintiff who was accompanying her at the time did not see the broken bag of beans, no beans on the floor, and, in fact, saw nothing on the floor.

There was no evidence as to who placed the beans upon the shelf nor how long they had been there. Beans were not normally kept at this point in the store.

■ The facts in this case closely parallel those in the case of J. C. Penney Company v. Johnson, Okl., 364 P.2d 1111. In that case plaintiff sought recovery for a fall alleged to have been caused by a pencil on the floor. However, as pointed out in the opinion of the Court, there was no evidence of a pencil being on the floor, either before or after the accident. In the case at bar, there is a total absence of any testimony as to the presence of any beans on the floor, and a total absence of any testimony by the plaintiff as to what she actually slipped on.

In the case now before us, plaintiff argues, in effect, that there was evidence from which the jury could have inferred that defendant's employees had placed the bag of beans upon the shelf, or that the defendant should have known it was there. However, the presence of the beans on the shelf, even if placed there by the defendant's employees, does not supply the necessary proof of the presence of beans on the floor. It would be necessary to also infer that some of the beans had actually spilled upon the floor. The best that can be said of plaintiff's evidence here is that from it the jury could have inferred that the bursted bag of beans had been placed upon the shelf by the defendant's employees, or that it had been there so long that the defendant should have known about it, and from that it could have further inferred that some of the beans had spilled onto the floor. This would, of course, violate the well established rule against basing an inference on an inference. National Union Fire Insurance Company v. Elliott et al., Okl., 298 P.2d 448.

To the extent that it fails to meet either of the requirements contained in J. C. Penney Company v. Johnson, supra, the verdict and judgment here are not supported by any competent evidence. It was, therefore, reversible error to overrule defendant's demurrer to the evidence and motion for directed verdict. Gulf, C. & S. F. Ry. Co. v. Harpole, 111 Okl. 301, 239 P. 609.

The plaintiff in error has raised other questions in this appeal, but the disposition made by this opinion makes it unnecessary to consider them.

The judgment of the trial court is reversed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.

WILLIAMS, J., dissents.

The Court acknowledges the services of Walter D. Hanson, who with the aid and counsel of George J. Fagin and Carmon C. Harris, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Halley, C. J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.