JOHN C. DREXEL, SHERIFF, ET AL. V. ANDREW MURPHY.

FILED NOVEMBER 9, 1899. No. 9,009.

1. Chattel Mortgages: DESCRIPTION OF PROPERTY: EVIDENCE. Where the description of property in a chattel mortgage is clear, and free from all ambiguity, parol proof is inadmissible to show the extent and meaning of language employed.

2. ———: ———. Although the description in a chattel mortgage may be insufficient to impart notice to innocent third parties, such fact will not avail a purchaser from the mortgagor who was apprised of the lien on the property before he parted with the consideration.

3. ———: PROOF OF REGISTRATION. The filing of a chattel mortgage is not proven by the introduction in evidence of a copy of the instrument, even though the fact of filing may have been indorsed thereon.

4. ———: PRIVATE SALE: WAIVER OF LIEN. Where a mortgagee of chattels authorizes the mortgagor to sell the property described in the mortgage at private sale, and with the proceeds pay the mortgage debt, and the sale is accordingly made, the mortgagee has thereby waived his lien.

ERROR from the district court of Douglas county. Tried below before SLABAUGH, J. · *Reversed.*

*B. N. Robertson,* for plaintiffs in error.

*Ed P. Smith* and *James B. Sheean, contra.*

NORVAL, J.

On October 21, 1893, one William Snyder was engaged in the manufacture and sale of. buggies in the city of Omaha, and on that day he executed and delivered to Andrew Murphy a chattel mortgage to secure a note of $1,400. The chattels were described in the mortgage as follows: "A full set of blacksmith's tools; 9 phaeton bodies; 9 buggy bodies; all new wheels, in number about 25; 5 buggy poles; all shafts;. all bar .iron, bolts, hub bands, screws, top propnuts and all other iron materials; all lumber and wood furnishings, including white wood and hickory, and all spokes and rims; all buggy bows; 24 old wheels; and all leather, and all trimming materials; platform carriage, under way of construction; 3 stoves and pipe; all paints, paint tools and materials, and all other tools, materials, furnishings, and unfinished work now in the place of business of said Snyder at 1320, 1322, and 1324 Harney street, corner of Fourteenth street, in the city of Omaha, Nebraska." Murphy was at the time liable on certain notes he had signed as surety for Snyder, and the mortgage was given to secure Murphy against the payment of said notes and a certain stay bond he had signed for Snyder. After the mortgage was executed Murphy paid a portion of said indebtedness of Snyder, and the latter completed one of the phaetons in the process of construction, which he sold or traded to one John W. Paul, the arrangement between them being that Paul was to deliver to Snyder, as part payment, an old buggy, valued at $150, and pay $200 in cash. The old buggy was delivered to Snyder as agreed, and the latter subsequently sold the same, with Murphy's consent,

and applied the proceeds on the indebtedness the mortgage was given to secure. For the balance of the purchase price Paul delivered to Snyder a note which the former held against a third party, on which the latter was to raise the $200, but Snyder being unable to negotiate the note it was returned to Paul, who retained the same. Subsequently Snyder went to Paul and informed him that he was in trouble on account of his having disposed of a buggy which he had mortgaged to Murphy, and begged Paul to make him a check for $100 to give to Murphy, stating that Paul could pay the remaining $100 at his own convenience. Paul gave Snyder the check for $100 as requested. The latter had authority from Murphy to sell the mortgaged chattels, and apply the proceeds upon the mortgage indebtedness. A portion of the property was sold, and the money realized therefrom was so applied. The defendant John C. Drexel, as sheriff, by his deputy, levied an execution upon said phaeton as the property of said Paul. Murphy thereupon brought replevin to recover the property, before a justice of the peace, where he obtained judgment. On appeal to the district court by the other party a judgment again was rendered in Murphy's favor.

On the trial the defendant sought to prove by the witness, W. R. Drummond, that the description of the chattels contained in the mortgage did not include a finished phaeton, which offered testimony was excluded, and the ruling is now assailed as being erroneous. The trial court properly excluded the proffered testimony, for the very obvious reason that no finished or complete vehicle was covered by the mortgage, so no evidence was permissible to show that which was too plain to admit of proof. The mortgage did describe different parts of phaetons and carriages under way of constructon at the mortgagor's place of business, which was definitely stated in the mortgage. The unfinished vehicle was subsequently finished and sold to Paul, and he was advised by Snyder, before any part of the purchase price was paid, that the

phaeton was mortgaged to Murphy. So, whether or not the description of the chattels in the mortgage was sufficient to create a lien as to innocent third parties, was unimportant, as Paul had actual notice of such lien before he parted with the consideration.

It is insisted, as a ground for reversal of the judgment, that there is no evidence that the mortgage to Murphy was filed for record. The original instrument was not produced at the trial, but à copy thereof, under the certificate and seal of the county clerk of Douglas county, was introduced in evidence, but the indorsement thereon as to filing was not offered as evidence. And the introduction of the copy was insufficient to cover the indorsement of filing. See *Noll v. Kennealy*, 37 Nebr., 879; *Fuller v. Brownell*, 48 Nebr., 145. The certificate of the county clerk authenticating the copy of the chattel mortgage discloses that it is a copy of an instrument on file in his office. Even though such certificate may be evidence that the chattel mortgage was on file in the office of the county clerk at the date of his certificate, it was no evidence that the instrument had been lodged in his office at the time the phaeton was transferred to Paul. But whether it was then of record or not is of no consequence, since actual notice had been imparted to Paul before he paid the consideration.

It is urged that Murphy can not recover, and that the judgment in his favor is erroneous, because he authorized the mortgagor to sell the property, and apply the proceeds in payment of the mortgage. We regard this position as entirely sound. Murphy consented to the sale of the property at private sale, and he received and retained a portion of the proceeds derived therefrom, which constituted a waiver of the lien of the mortgage. See *Paxton v. Smith*, 41 Nebr., 56; *Littlejohn v. Pearson*, 23 Nebr., 192; *First Nat. Bank v. Weed*, 50 N. W. Rep. [Mich.], 864; *New England Mortgage Security Co. v. Great Western Elevator Co.*, 71 N. W. Rep. [N. Dak.], 130.

The case of *Houck v. Linn*, 48 Nebr., 227, is not in conflict

with the conclusion we have reached. It was therein decided that "a chattel mortgage is not avoided by the fact that subsequent to its execution the mortgagee consented to a sale of the property by the mortgagor for the benefit of both parties, no other liens existing, and the sale not having been consummated." . That case is clearly distinguishable from the one at bar, in that in the case cited, the mortgagor never exercised the power of sale given him, while here the mortgaged chattels were actually sold to Snyder in pursuance ôf the authority given him by Murphy.

The numerous other assignments of error need not be reviewed, since the judgment must be reversed for the reason already given.

REVERSED AND REMANDED.