NATIONAL LIFE INSURANCE CO., APPELLANT, *v.* BAKER, SHERIFF, ET AL., RESPONDENTS.

(No. 7,079.)

(Submitted May 29, 1933. Decided July 5, 1933.)

[23 Pac. (2d) 1098.]

*Mr. E. K. Matson* and *Mr. J. B. Gergen,* for Appellant, submitted a brief; *Mr. Matson* argued the cause orally.

*Mr. Burton R. Cole, Mr. Nick Langhousen* and *Mr. C. A. Spaulding,* for Respondents, submitted a brief; *Mr. Spaulding* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The plaintiff brought this action to recover damages for an alleged conversion of wheat sold by the defendant sheriff upon

the foreclosure of a chattel mortgage executed by R. N. Ricker to the defendants Albert Hall and Anna Hall on July 18, 1927. Ricker purported to mortgage to the Halls, to secure the payment of a promissory note for $320, payable October 15, 1928, all the crops to be grown during the year 1928 on 80 acres of land described by legal subdivisions; this land was a part of the Ricker farm of 800 acres, all of which was mortgaged to the plaintiff. By decree rendered August 13, 1928, plaintiff's mortgage was foreclosed and the land ordered sold. On that day plaintiff's agent took possession of the farm and arranged with Ricker to harvest and thresh the crops growing thereon and to deliver the same at an elevator in plaintiff's name. Ricker did as agreed except that he deposited the wheat with the elevator in his own name as agent.

In November, 1928, Albert H. Kessler, as agent for the Halls, placed a certified copy of the chattel mortgage in the sheriff's hands with instructions to foreclose the same. Thereupon the sheriff seized the wheat. After notices of sale were posted, and prior to the sale, plaintiff through his agent filed with the sheriff a third party claim, claiming title to the wheat by virtue of a grant—a sheriff's certificate of sale—based upon the decree and order of sale issued by the district court on August 13, 1928, wherein the Ricker lands were described; crops were not mentioned in the certificate. The sheriff, being indemnified by the Halls, proceeded with the sale. Thereafter the plaintiff began this action, making the sheriff, the Halls, and the sureties upon the indemnity bond defendants.

The complaint states a cause of action in conversion.

In an affirmative defense the defendants pleaded in paragraph III that on or about the eighteenth day of July, 1927, Ricker "made, executed and delivered a certain chattel mortgage to defendants Albert Hall and Anna Hall, securing the payment of a certain promissory note therein described, and a true and correct copy of which said mortgage is hereunto annexed and hereof made a part, being marked 'Exhibit A.'"

Exhibit A is a certified copy of the chattel mortgage including the certificate of the county clerk that the instrument was filed on the ninth day of April, 1928, at 1:30 P. M. In paragraph IV the defendants alleged the facts respecting the foreclosure, annexing as Exhibit B the sheriff's return of sale. After a demurrer to the amended answer was overruled, the plaintiff replied, denying the allegations of the affirmative defense. Trial was had to the court sitting without a jury, resulting in a judgment for the defendants, from which plaintiff has appealed.

The first specification of error is that the court erred in overruling plaintiff's objection to the introduction of evidence in support of the affirmative defense. It is urged that there is not any allegation in the answer that the 1928 spring wheat crop was the crop next maturing after the execution of the mortgage dated July 18, 1927.

Section 8290, Revised Codes, 1921, provides: "A mortgage may be given upon a growing crop, or a crop to be grown, and the lien thereon continues after severance, whether remaining in its original state or threshed or otherwise prepared for market; provided, however, that the lien of such mortgage shall attach only to crops next maturing after the execution of such mortgage, except in case of mortgages to secure the purchase price or rental of land upon which such crops are to be grown."

It will be remembered that the mortgage was made to apply specifically to the crop to be grown on the land during the year 1928. The pleading is not vulnerable to a general demurrer because it does not affirmatively show that the 1928 crop was the crop next maturing after the execution of the mortgage. There was not any demurrer attacking the pleading for uncertainty, nor was there any motion to make it more specific. While not relevant to the sufficiency of the pleading, the fact is that the land was summer-fallowed in 1927, and the 1928 crop was the one next maturing thereon.

It is also urged that the answer is defective in that it does not state that the chattel mortgage was filed of record,

or, if it was, when or where. It would have been better pleading to have alleged directly in paragraph III that the mortgage was filed in the office of the county clerk of Petroleum county at a time certain. However, as to this, plaintiff was given accurate information by reference to Exhibit A.

In *Springhorn* v. *Dirks*, 72 Mont. 121, 231 Pac. 912, 913, this court said "that an exhibit may be considered as part of the pleadings needs no citation of authorities." (But see *Quirk* v. *Clark*, 7 Mont. 231, 14 Pac. 669, and 21 Cal. Jur. 44; compare *Oregon Mortgage Co.* v. *Kunneke*, 76 Mont. 117, 245 Pac. 539.) The effect of annexing the chattel mortgage, with the indorsements, to the pleading as Exhibit A was the same as if that document with the indorsements had been set out *in haec verba*, in which case it would have appeared in the body of the answer that the chattel mortgage was filed with the county clerk on April 9, 1928, at 1:30 P. M.; and while a recitation of that character could not be commended as a model pleading, it would be hypertechnical to say that it did not apprise the plaintiff of the fact.

Seemingly the original chattel mortgage was offered in evidence. Objection was made to its introduction, but it was said specifically that the objection was not as to its execution, or that it was not a public record, but that it was immaterial under the pleading. The court reserved its ruling and admitted the document "subject to the objection to its materiality." It was agreed that a certified copy of the mortgage might be substituted for the original. The witness Kessler testified that he received the mortgage from Ricker and delivered it to Mr. and Mrs. Hall, who then gave it to him, and he filed it for record. H. B. Green, county clerk of Petroleum county, identified it as an original file of his office.

Section 8278, Revised Codes, 1921, provides for the filing of a properly executed chattel mortgage in the office of the county clerk of the county where the property is situated at the time of the execution of the mortgage, and it is made the duty of the county clerk to indorse the time of filing the same, and he

must keep it in his office for the inspection of all persons. The instrument may be proved by the original record, or by a copy thereof certified by the legal keeper of the record (sec. 10569, Id.), and such instrument, or a certified copy thereof, may be read in evidence in an action or proceeding without further proof (sec. 10598).

We have, then, the original chattel mortgage, properly received in evidence, showing by the indorsement of the county clerk thereon that it was filed at a certain time; yet it is contended under the authority of *Ayre* v. *Hixson*, 53 Or. 19, 98 Pac. 515, 133 Am. St. Rep. 819, Ann. Cas. 1913E, 659, and *Drexel* v. *Murphy*, 59 Neb. 210, 80 N. W. 813, that the certificate of the clerk that the instrument was filed in his office at a time certain was not identified or offered in evidence and, therefore, the certificate was not before the court. Being admitted for one purpose, it served all. It will not do to say that which, already in evidence, the trier of facts could see as a man he could not see as a judge. To hold that a private writing which has become a public record, bearing thereon the certificate of its keeper, a public officer, that it is such, when introduced in evidence does not on its face carry the stamp of its authenticity as a public record, and the date it became such, would announce an unreasonable technical distinction to which we cannot assent. It was both relevant and material evidence in the trial of the case, and we think the court would have erred in denying its introduction.

2. The court did not err in permitting in evidence Defendant's Exhibit 5, being notices of the sheriff's sale under chattel mortgage on foreclosure, and the sheriff's certificate of the report of sale.

3. The most serious question in the case is whether the wheat, which is the subject of the controversy, was grown upon the 80 acres described in the chattel mortgage. Wheat was grown on other portions of the farm as well as upon the 80 acres. The testimony upon the point is conflicting and somewhat obscure. It would not be profitable to review and analyze the

evidence presented. Suffice it to say that after careful consideration we conclude it justifies the court's findings in favor of the defendants.

The judgment is affirmed.

ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS, STEWART and ANDERSON concur.

Rehearing denied July 15, 1933.